UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————— )
                                              )
MIKEISHA BLACKMAN, et al.,                    )
                                              )
            Plaintiffs,                       )
                                              )
      v.                                      )   Civil Action No. 97-1629 (PLF)
                                              )
DISTRICT OF COLUMBIA, et al.,                 )
                                              )
            Defendants.                       )
———————————————————— )
                                              )
LAJUAN BROWN CLARK, mother and                )
next friend of the minor FRANCISCO            )
BELTRAN,                                      )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )
                                              )
GOVERNMENT OF THE DISTRICT                    )
OF COLUMBIA,                                  )
                                              )
            Defendant.                        )
———————————————————— )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for preliminary injunction filed by attorney George M. Gates IV, on behalf of Lajuan Brown Clark, mother and next friend of the minor Francisco Beltran. For the reasons that follow, the Court sua sponte orders that the motion and the accompanying memorandum be stricken from the docket of this Court and advises the parties that if they wish to proceed further they may not do so with Mr. Gates as their counsel but must have a member of the District of Columbia Bar represent them in this forum.

When the Court received and reviewed the motion for preliminary injunction, it noticed that Mr. Gates had included a Louisiana Bar number but not a District of Columbia Bar number. It further noted that Mr. Gates listed his office address as 1806 11th Street, N.W., in Washington, D.C., not in Louisiana. It appears that Mr. Gates is a member of the Bar of this Court, having been admitted reciprocally on the basis of his Texas Bar membership, and therefore he would be permitted to practice occasionally in this Court if his primary office were not in the District of Columbia. Without a District of Columbia Bar license, however, he may not practice law in the District of Columbia, including in this Court. Indeed, it appears to the undersigned that Mr. Gates is engaged in the unauthorized practice of law in the District of Columbia in violation of the Rules of the District of Columbia Court of Appeals.

Rule 49(a) of the Rules of the District of Columbia Court of Appeals states that no person shall engage in the practice of law in the District of Columbia or "in any manner hold [himself] out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar, except as otherwise permitted by these Rules." D.C. App. R. 49(a). Rule 49(b)(3) states that "in the District of Columbia" means conduct in or conduct from an office within the District of Columbia "where the person's presence in the District of Columbia is not of incidental or occasional duration." D.C. App. R. 49(b)(3). Rule 49(b)(4) defines the term "hold out as authorized or competent to practice law in the District of Columbia" as indicating "in any manner . . . that one is competent, authorized or available to practice law from an office or location in the District of Columbia." D.C. App. R. 49(b)(4). Mr. Gates, in response to a telephone inquiry from the undersigned's law clerk, indicated that he had been operating from a law office in the District of Columbia for approximately three years.

There are exceptions to Rule 49 that apply to certain activity by lawyers in the District of Columbia "provided the person is not otherwise engaged in the practice of law or holding [himself] out as authorized or competent to practice law in the District of Columbia." See D.C. App. R. 49(c). One such exception permits practice before a court of the United States following admission to practice in that court. See D.C. App. R. 49(c)(3). That rule, however, does not permit a person who holds himself out as a lawyer in the District of Columbia or who practices routinely from an office in the District of Columbia to rely on a Bar admission from another jurisdiction to practice law in this Court, and the Rules of this Court are not so intended. As the Rules of this Court expressly state:

> Admission to and continuing membership in the Bar of this Court are limited to attorneys who are (1) active members in good standing in the District of Columbia Bar; or (2) active members in good standing of the highest court of any state in which the attorney maintains his/her principal law office and is a member in good standing of a United States District Court that provides for reciprocal admission to members of the Bar of this Court.

LCvR 83.8(a) (emphasis added). Practice in this Court by a lawyer whose primary office is in the District of Columbia but who is not a member of the District of Columbia Bar is engaged in the unauthorized practice of law in the District of Columbia. See D.C. App. R. 49(b)(3) cmt. ("While the rule is not intended to require admission to the District of Columbia Bar where an attorney is incidentally required to come into the city to participate in continuing service to a client located elsewhere; it is intended to require admission where an attorney is using the District of Columbia as a base from which to practice.").

Another exception to Rule 49 permits a non-D.C. Bar member to provide legal services to members of the public "solely" before a department or agency of the District of Columbia government where such representation is "confined to appearances in proceedings

3

before tribunals of that department or agency and other conduct reasonably ancillary to such proceedings," and where such representation is authorized by statute or by regulation. See D.C. App. R. 49(c)(5). A person operating under this exception, if he or she has an office in the District of Columbia, must "expressly give[] prominent notice in all business documents of the practitioner's bar status and that his or her practice is limited consistent with this section." See D.C. App. R. 49(c)(5)(C). The Court does not have enough information to know whether Mr. Gates is permitted to practice before hearing officers of the District of Columbia Public Schools, but finds that this exception does not permit him to practice in this Court. See D.C. App. R. 49(c)(2) cmt. (The exception set forth in (c)(2) and, by clear implication (c)(3), "does not, however, otherwise authorize . . . representation of persons in the courts.").

       For the foregoing reasons, it is hereby

       ORDERED that the motion for preliminary injunction filed by attorney George M. Gates IV, on behalf of Lajuan Brown Clark, mother and next friend of the minor Francisco Beltran, shall be stricken from the docket of this Court; and it is

       FURTHER ORDERED that this matter shall be referred to the District of Columbia Committee on Unauthorized Practice of Law.

       SO ORDERED.


                                                      _____
                                                     PAUL L. FRIEDMAN
                                                     United States District Court Judge

DATE: