UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
MIKEISHA BLACKMAN, et al.,                    )
                                              )
      Plaintiffs,                             )
                                              )
      v.                                      )   Civil Action No. 97-1629 (PLF)
                                              )   Claim of Helen Barksdale, parent
DISTRICT OF COLUMBIA, et al.,                 )   and next friend of R.B.
                                              )
                                              )
      Defendants.                             )
_____           )


MEMORANDUM OPINION AND ORDER

      This matter is before the Court on plaintiff's objections to the Report and Recommendation of the Special Master recommending denial of plaintiff's motion for a preliminary injunction requiring the District of Columbia Public Schools ("DCPS") to implement two Hearing Officer Determinations ("HODs") issued in January 2003 and November 2004. Upon careful consideration of the arguments of the parties, the Court adopts in part and rejects in part the Special Master's Report and Recommendation, and denies in part and grants in part plaintiff's motion for preliminary injunction.

      R.B., represented in this action by his mother and next friend Helen Barksdale, is an emotionally disturbed and learning disabled fifteen-year-old DCPS student. In 2001, R.B. was evaluated by DCPS and found eligible for special education. In 2002, he became involved in activities that brought him to the attention of the D.C. Superior Court. Because of R.B.'s behavior problems and poor performance in school, his mother sought an administrative due process hearing. An HOD, issued on January 15, 2003, ordered DCPS to conduct clinical

psychological, psycho-educational and functional behavioral assessments as well as a social history of R.B., and to develop an individualized education program ("IEP") for him. DCPS conducted all but the clinical psychological evaluation and conducted a Multidisciplinary Team ("MDT")/IEP meeting on May 16, 2003.

R.B.'s mother requested a second hearing in October 2003. On November 24, 2003, the hearing officer issued a second HOD, ordering DCPS within 10 days to convene an MDT/IEP meeting to re-evaluate R.B.'s current plan and to determine an appropriate interim placement for him, and to conduct clinical psychological and neurological evaluations of R.B. within 60 days. The prescribed MDT/IEP meeting was not conducted.

On June 9, 2004, plaintiff filed a motion for a preliminary injunction to require DCPS to conduct the IEP meeting required by the November 2003 HOD, which motion was referred to the Special Master pursuant to the Court's February 12, 1997 Order of Reference. See Order of Reference, Blackman v. District of Columbia, Civil Action No. 97-1629 (D.D.C. Feb. 12, 1997). While residing at the Oak Hill Youth Center, a juvenile detention facility, in the summer and early fall of 2004, R.B. underwent neuropsychological and psychiatric evaluation pursuant to an Order of the D.C. Superior Court, which was still exercising supervision over R.B.

On the basis of these evaluations, an IEP meeting was conducted on September 17, 2004. The IEP meeting was adjourned with the agreement that the IEP team would re-convene within 30 days to determine the amount and kind of compensatory education to which R.B. would be entitled for DCPS's past failures to provide R.B. with an appropriate public education. The IEP meeting was never re-convened, and the issue of R.B.'s compensatory education was not considered by the IEP team.

At a disposition hearing on November 9, 2004, the Superior Court ordered R.B. to attend Sunrise Academy, a private school in the District of Columbia.[1] In November 2004, R.B. enrolled at Sunrise Academy, where he has remained since.

On February 1, 2005, the Special Master issued a Report and Recommendation that expressed serious concern with DCPS's failure to comply with the two HODs, but nonetheless recommended that the Court deny plaintiff's motion for a preliminary injunction because of the Superior Court's continued involvement in R.B.'s case, including its Order that he be placed at Sunrise Academy.[2] If this Court were to order R.B. placed elsewhere, the Special Master reasoned, DCPS would run a substantial risk of noncompliance with either this Court's Order or that of the Superior Court. Furthermore, the Special Master expressed her view that further federal intervention could "interfere with judicial administration at a local level," and would "only produce additional hurdles in the efforts to provide an appropriate education to R.B." Report and Recommendations of the Special Master (Feb. 1, 2005) at 6-7.

With respect to plaintiff's request that DCPS be ordered to determine an interim and/or permanent placement for R.B., the Court agrees with the conclusion of the Special Master (unaddressed in plaintiff's opposition to the Special Master's Report and Recommendation) that attempting to dictate R.B.'s placement would interfere with the Superior Court's "ongoing and active" supervision of R.B.'s case and ultimately interfere with the provision of the appropriate

---

[1] There is some confusion about the date of the Superior Court's Order. The Special Master reports that an Order issued on October 8, 2004; plaintiff claims that the Disposition Hearing was held on November 9, 2004. For these purposes, it is irrelevant on which of those dates the Superior Court's Order issued.

[2] DCPS did not contest this placement, and has paid all invoices submitted for the cost of R.B.'s attendance at Sunrise Academy.

education to which R.B. is entitled.[3]  Moreover, plaintiff's original request for an IEP regarding placement and an interim placement are moot, as an IEP meeting was held on September 17, 2004, the requested evaluations have been substantially completed, and the Superior Court has ordered a placement for R.B. at Sunrise Academy.  Accordingly, the Court will adopt the Special Master's recommendation that plaintiff's motion be denied in this respect.[4]

Plaintiff also asserts, however, that R.B. is entitled to "compensatory education" to make up for the free appropriate education of which he was deprived while DCPS failed to implement the two HODs.  The Special Master's Report and Recommendation does not address plaintiff's request for compensatory education, nor does defendant's brief.

The November 2003 HOD found (and DCPS does not dispute) that DCPS failed to comply with the January 2003 HOD and failed to develop an appropriate IEP for R.B.  It also found that DCPS failed to provide R.B. with a free appropriate public education, and ordered DCPS to convene an MDT/IEP meeting and, among other tasks, to "determine the amount, form

---

[3] The Superior Court's ambit in supervising a juvenile under its jurisdiction extends beyond the child's education.  "While education is clearly a component of any best interest of the child analysis conducted in a juvenile proceeding, it is the *whole child* for whom the trial judge must find the best care and supervision."  In re C.S., 804 A.2d 307, 313 (D.C. 2002) (emphasis added).  A juvenile court crafting a child's disposition must "do what is best for the child's care so long as [that] disposition provides adequate protection for society."  Id. at 311-12 (quoting In re L.J., 546 A.2d 429, 437 (D.C. 1988)) (modification in original).

[4] Plaintiff claims in her reply brief that an injunction regarding placement still is required because "DCPS has not formally committed to the plaintiff's placement at Sunrise Academy."  See Claimant's Response to Defendant's Response to Opposition of Claimant to Report and Recommendations of the Special Master (March 28, 2005) at 1.  This Court believes, however, that even an order merely requiring R.B.'s continued placement at Sunrise could interfere with the Superior Court's management of R.B.'s disposition and put DCPS at risk of violating a Court Order if the Superior Court Judge decides that circumstances dictate a different placement.

and method of implementation of compensatory education due [R.B.], if any." DCPS concedes that it failed to fulfill these requirements, as well.

Where a school system fails to provide special education or related services, a student may be entitled to compensatory education. See Reid v. District of Columbia, 401 F.3d 516, 518 (D.C. Cir. 2005); Hall v. Knott County Bd. of Educ., 941 F.2d 402, 407 (6th Cir. 1991); Miener v. Missouri, 800 F.2d 749, 753 (8th Cir. 1986); Walker v. District of Columbia, 157 F. Supp.2d 11, 30 (D.D.C. 2001). DCPS's failure to meet its requirements in this respect is undisputed. Such a deprivation of a student's right to a free appropriate education constitutes irreparable harm that may warrant an injunction. See Cox v. Brown, 498 F. Supp. 823, 828-29 (D.D.C. 1980) (irreparable harm results when students "[lack] each day of their young lives an appropriate education, one that is sensitive to their particular disabilities, commensurate to their levels of understanding, and fulfilling their immediate needs"); Blackman v. District of Columbia, 277 F. Supp.2d 71, 79 (D.D.C. 2003) (*per se* harm results from denial of free appropriate education stemming from failure to provide timely due process hearing). Certainly here, in light of R.B.'s continuing behavioral problems and lack of educational progress since he first was found eligible for special education in 2002, it would be difficult to conclude that DCPS's failure was without consequence to R.B. A determination of the "amount, form, and method of implementation of compensatory education due" therefore is necessary.

Unlike an injunction dictating a placement, an injunction requiring DCPS to reconvene the MDT/IEP meeting begun in September 2004, with the specific purpose of determining an appropriate course of compensatory education for R.B., imposes no harm on defendants. It would neither interfere with the Superior Court's administration of R.B.'s case nor

put DCPS at risk of being subject to conflicting court orders.  Moreover, the determination of an award of compensatory education is not likely to interfere with efforts to provide R.B. an appropriate education, but rather is a necessary step in providing R.B. the "basic floor of opportunity" that the IDEA seeks to guarantee each handicapped child.  See Bd. of Educ. v. Rowley, 458 U.S. 176, 201 (1982); Reid v. District of Columbia, 401 F.3d at 524 (compensatory education designed to ensure that student is appropriately educated within the meaning of the IDEA is appropriate relief for failure to provide free appropriate public education).  Accordingly, the Court rejects the Special Master's Report and Recommendation to the extent it denies plaintiff's request for an injunction requiring DCPS to formulate and administer an award of compensatory education, and will grant plaintiff's request for an injunction in this respect.

Because R.B. is subject to a disposition by the District of Columbia Superior Court, placing him at Sunrise Academy, and appears to be under the continuing supervision of that court, this Court will deny plaintiff's motion for preliminary injunction insofar as it requests that DCPS determine and implement a temporary or permanent placement for R.B.  Because an award of compensatory education, to which R.B. is entitled because of DCPS's conceded past failures to provide him a free appropriate education, would not interfere with the Superior Court's administration of R.B.'s case and would impose no harm on defendants, the Court will grant plaintiff's request for an injunction requiring DCPS to hold an MDT/IEP meeting to determine the appropriate scope and amount of compensatory education to which R.B. is entitled.

Accordingly, it is hereby

ORDERED that the Special Master's Report and Recommendation is ADOPTED in part and REJECTED in part; it is

FURTHER ORDERED that the Motion for Preliminary Injunction filed by Helen Barksdale [1567] is DENIED in part and GRANTED in part; it is

FURTHER ORDERED that plaintiff's motion for preliminary injunction requiring DCPS to convene an MDT/IEP meeting to develop an IEP and issue a Notice of Placement, and to provide an interim placement for R.B. is DENIED; it is

FURTHER ORDERED that within 20 days from the date of this Order, DCPS shall convene an MDT/IEP meeting to consider compensatory education and determine the form and amount of compensatory education to which R.B. is entitled; it is

FURTHER ORDERED that in order to monitor the timely implementation of this Order, the parties shall furnish to the Special Master by the date requested any documentation and information she requests, in the form in which it is requested; and it is

FURTHER ORDERED that upon a showing that defendants have failed to comply with any of the provisions of this Order, the defendants may be fined up to $5000 per day for each such instance.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 22, 2005