UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKEISHA BLACKMAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 97-1629 (PLF)<br>Claim of Michael Edmonds |

MEMORANDUM OPINION AND ORDER

This action was filed under 42 U.S.C. § 1983 to enforce the rights of the plaintiff class members under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. This matter is now before the Court on plaintiff Michael Edmonds' motion for attorneys' fees in connection with his post-November 1999 representation by counsel. Defendants challenge plaintiff's status as a prevailing party with respect to this stage of his litigation. Because the Court concludes that plaintiff is a prevailing party and defendants raise no other objection to plaintiff's fee petition, the Court will grant plaintiff's motion.

I.   BACKGROUND

Plaintiff Michael Edmonds is a former DCPS student whose claim first came before the Court on a motion for preliminary injunction to compel DCPS to implement an October 1998 Hearing Officer Determination ("HOD") directing it to conduct assessments,

develop an IEP, and issue a notice of placement for plaintiff. On July 2, 1999, the Court granted plaintiff's motion for an injunction.[1]

DCPS failed to comply with the preliminary injunction's requirement that it determine an appropriate placement for plaintiff. See Report and Recommendation of the Special Master Pursuant to the Court Order of July 15, 2003 (September 11, 2003) ("R&R") at 3. Plaintiff filed a motion to hold defendants in contempt, which motion ultimately was resolved by a Consent Order entered on November 4, 1999 (the "Consent Order").[2] The Consent Order required DCPS to place plaintiff at Phelps Senior High School, to transport him safely and properly to school, and to provide for plaintiff related services that had been called for in previous HODs. The Consent Order also set forth a process by which plaintiff could challenge the adequacy of DCPS' placement and provision of services in an expedited hearing before the Special Master, stating that the Special Master "shall have final authority to determine the proper educational placement for Michael Edmonds and all related issues."

After approval of the Consent Order, plaintiff's family and counsel closely monitored his placement and DCPS' provision of services. On December 7, 1999, plaintiff requested a hearing before the Special Master under the provisions of the Consent Order, arguing that plaintiff's placement at Phelps was inappropriate and that DCPS' provision of related services was inadequate or nonexistent. A hearing was held on January 2000, after which the

---

[1] On September 13, 2000, plaintiff was awarded $32,709.25 in attorneys' fees in connection with his motion for preliminary injunction.

[2] By consent motion, DCPS agreed to pay plaintiff $12,433.00 in attorneys' fees in connection with the contempt motion.

Special Master found that plaintiff was not being provided the free and appropriate public education to which he was entitled under the IDEA. See R&R at 5.

With the assistance of the Special Master, the parties then negotiated a resolution by which DCPS would place plaintiff at Kennedy Krieger High School, a non-residential facility in Baltimore, Maryland. See Plaintiff Michael Edmonds' Motion for Attorney's Fees (March 26, 2003) at 10-12. A notice of placement, however, was not issued until April 2000, and plaintiff's enrollment at Kennedy Krieger was further delayed by DCPS' loss of some of plaintiff's paperwork and by difficulties in working out transportation arrangements. See R&R at 6-7. Plaintiff attended Kennedy Krieger from 2000 until his graduation in the spring of 2003. See id. at 7.

On March 26, 2003, plaintiff filed a motion seeking $36,642.00 in attorneys' fees for his counsel's involvement in the case after the signing of the Consent Order in November 1999. Defendants contested plaintiff's motion on the sole grounds that plaintiff is not a "prevailing party" with respect to the post-November 1999 actions of his counsel, because they did not culminate in any Order issued by the Court. See Opposition to Plaintiff Michael Edmonds' Motion for Attorney's Fees (May 1, 2003) at 2-3. The Court remanded the matter to the Special Master on July 15, 2003, "for a report and recommendation clarifying her post-November 1999 findings and recommendations with respect to plaintiff Michael Edmonds."

On September 11, 2003, the Special Master issued a report and recommendation relating the history of plaintiff's case and stating that the post-November 1999 hearing and the representation of plaintiff by counsel were necessary to effectuate the Consent Order. The Special Master further stated that "the need for that representation continued thereafter as the

Special Master and the parties attempted to locate the proper educational placement for Michael and resolve other issues," and recommended that plaintiff "be considered the prevailing party in the proceeding conducted pursuant to the November 4, 1999 Order." R&R at 7-8. Defendants filed a response objecting on the grounds that the Special Master was without authority to issue such a Report and Recommendation, and reiterating their argument that plaintiff was not a prevailing party. See Objections to the Report and Recommendations of the Special Master Issued on September 11, 2003 (October 28, 2003) at 2.

## II.   DISCUSSION

In an action brought pursuant to 42 U.S.C. § 1983, the Court in its discretion "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988; see also Blackman v. District of Columbia, 59 F. Supp.2d 37, 42-44  (D.D.C. 1999) (to recover reasonable attorneys' fees, plaintiff must first demonstrate that he is a prevailing party in the litigation).  In Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001), the Supreme Court concluded that for a party to qualify as a "prevailing party" under fee-shifting statutes, there must be an "alteration in the legal relationship of the parties" that has been given some judicial *imprimatur*. Id. at 605.

It is uncontested that the Consent Order was a "judicially sanctioned change in the legal relationship of the parties" sufficient to afford plaintiff prevailing party status under Buckhannon.  See Buckhannon, 532 U.S. at 605.  Establishing prevailing party status in one stage of litigation, however, "does not make all later work compensable."  Blackman v. District

of Columbia, 328 F. Supp.2d 36, 42 (D.D.C. 2004). Defendants argue that because the Court issued no Order subsequent to the Consent Order, plaintiffs are not a prevailing party with respect to the post-Consent Order phase of the litigation. Plaintiffs, however, argue that plaintiff's post-November 1999 representation by counsel was "necessary to convince Defendants to comply with existing law and the orders of this Court." Plaintiff Michael Edmonds' Reply to Defendants' Objections to the Report and Recommendations of the Special Master Issued on September 11, 2003 (November 3, 2003) at 2. The Court agrees.

"A district court may award fees to a prevailing party for reasonable postjudgment monitoring" of the losing party's compliance with the terms of the judgment. Cody v. Hillard, 304 F.3d 767, 774 (8th Cir. 2002). Fees may be properly awarded only if the postjudgment work "is a necessary adjunct to the initial litigation. . . . The test is whether the later issues litigated were inextricably intertwined with those on which the plaintiff prevailed in the underlying suit." Blackman v. District of Columbia, 328 F. Supp.2d at 42 (quoting Cody v. Hillard, 304 F.3d at 773). Given the persistent difficulties experienced by plaintiff in achieving DCPS' compliance with the Consent Order, the Court concludes that plaintiff's post-November 1999 efforts are "inextricably intertwined" with the issue of DCPS' non-compliance with its statutory obligations under the IDEA, on which plaintiff prevailed by virtue of the Consent Order. Accordingly, plaintiff is a "prevailing party" and is therefore entitled to reasonable attorneys' fees.

Because defendants do not contest any other aspect of plaintiff's petition for attorneys' fees, the Court will grant plaintiff's motion.[3]

---

[3] Defendants' argument that the Special Master's September 11, 2003 Report and Recommendation "exceeded the authority entrusted to her in the Order of Reference entered herein on February 1, 1999," Memorandum in Support of Objections to the Report and

IV.  CONCLUSION

Plaintiff has demonstrated that he is a prevailing party with respect to the post-November 1999 conduct of his counsel.  Defendants have raised no challenge to the reasonableness of plaintiff's request for attorneys' fees.  Accordingly, it is hereby

ORDERED that [1107] Plaintiff's Motion for an Award of Attorney's Fees is GRANTED; it is

FURTHER ORDERED that defendants shall pay plaintiffs $36,642.00 in attorneys' fees and costs within 30 calendar days of the date of this Order.  If this amount is not paid within 30 calendar days, it will bear interest at the rate established by 28 U.S.C. § 1961 from the 31st calendar day following entry of this Order.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 29, 2005

---

Recommendations of the Special Master Issued on September 11, 2003 (November 5, 2003) at 3, is without merit.  The Order of Reference is not the sole source of the Special Master's authority in this matter.  Rather, her authority to "to determine the proper educational placement for Michael Edmonds *and all related issues*" arises from the Consent Order signed by the parties and the Court.  Consent Order (November 4, 1999) (emphasis added).  The Special Master's issuance of her Report and Recommendation clearly falls within the scope of her authority under that Order.

<u>Copies to</u>:

Elise Baach, Esq.
Daniel A. Katz, Esq.
Charles A. Moran, Esq.
Alisa Reff, Esq.
Tamara L. Seltzer, Esq.
Veleter Mazyck, Esq.
Cathye Hopkins, Esq.
Robert R. Rigsby, Esq.
John Greenhaugh, Esq.
Robert Utiger, Esq.
Melvin Bolden, Jr., Esq.
Urenthea McQuinn, Esq.