`                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MIKEISHA BLACKMAN, et al.,           )
                                     )
        Plaintiffs,                  )
                                     )
    v.                               )   Civil Action No. 97-1629 (PLF)
                                     )
DISTRICT OF COLUMBIA, et al.,        )   Claims of Marianna Ohe, Fonda
                                     )   Allen, and Kevin Saunders
        Defendants.                  )
                                     )


                            OPINION AND ORDER

On March 30, 2004, this Court issued an Order granting motions for attorneys' fees and costs filed by Marianna Ohe for the minor child Daniel Ohe, Fonda Allen for the minor child Curtis Patterson, and Kevin Saunders for the minor child Keyarne Briscoe, but stating that the exact amounts of an appropriate award would be delineated in a separate Opinion." This Opinion and Order sets forth the specific amount of attorneys' fees owed in each case.[1]

## I. BACKGROUND

*A. Marianna Ohe, for minor child Daniel Ohe*

On October 7, 2002, plaintiff Marianna Ohe filed a request for a due process hearing based on the failure of the District of Columbia Schools ("DCPS") to provide proper

---

[1] In that Order, the Court also granted the motion for attorneys' fees filed by Betty Laster for the minor child Timothy Lewis. On October 13, 2005, however, those plaintiffs filed a motion asking the Court to refer their petition to mediation for resolution of the parties' dispute about what constitutes "reasonable attorneys' fees." The Court grants plaintiffs' motion for referral by an Order issued this same day, and therefore does not address their petition for attorneys' fees in this Opinion and Order.

placement for the Daniel Ohe. No hearing was conducted, and on January 2, 2003, plaintiffs filed a motion for a preliminary injunction compelling DCPS to hold a due process hearing. On February 28, 2003, after reviewing a report and recommendation from the Special Master, the Court granted plaintiffs' motion and directed DCPS to place Daniel at the Peninsula Village School in Louisville, Tennessee.

While the matter was being litigated, Ohe's parents had enrolled him in a short-term residential education program at Alldredge Academy. See Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Costs and Expenses (June 30, 2003) ("Ohe Mot.") at 1. The Order granting plaintiffs' motion for a preliminary injunction did not address the issue of reimbursement to plaintiffs for the expense of Daniel's placement at Alldredge Academy. A due process hearing on the issue was held on June 4, 2003; on June 13, the hearing officer issued a determination granting plaintiffs' claim for reimbursement. On June 30, 2003, plaintiffs filed a motion seeking $22,696.04 in attorneys' fees and costs associated with the litigation of this issue.

### B. Fonda Allen, for minor child Curtis Patterson

On June 14, 2002, plaintiff Fonda Allen filed a motion for a preliminary injunction to compel DCPS to comply with an October 30, 2001 hearing officer determination regarding proper placement for Curtis Patterson. On August 15, 2002, the Court granted plaintiffs' motion and ordered DCPS to offer an appropriate placement for Curtis. On August 27, 2002, plaintiffs filed a motion requesting $4821.00 in attorneys' fees and $186.62 in costs.

Plaintiffs' reply in support of their motion also seeks $280.00 in fees incurred in the preparation of that brief.

      *C. Plaintiff Kevin Saunders, for minor child Keyarne Briscoe*

On July 30, 2002, plaintiffs filed a motion for a preliminary injunction to compel DCPS' compliance with a Hearing Officer Determination issued on June 28, 2002.  On September 23, 2002, the Court granted plaintiffs' motion and ordered defendant to "take immediate steps to insure that Keyarne Briscoe receives and appropriate placement as soon as possible."  On October 7, 2002, plaintiffs filed a motion requesting $6,951.00 in attorneys' fees and $198.54 in costs.

        II.   DISCUSSION

      A.   *Standard for Evaluating Attorneys' Fees Petitions*

The Court has previously set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in special education cases like this one.  See Blackman v. District of Columbia, 59 F. Supp.2d 37, 42-44  (D.D.C. 1999).  To recover reasonable attorneys' fees, plaintiffs must first demonstrate that each is a prevailing party in the litigation.  See id. at 40-41.  The Court then must determine whether the fees sought are reasonable by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" – the so-called "lodestar" fee.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

On the issue of reasonableness, plaintiffs must submit supporting documentation with the motion for attorneys' fees, providing sufficient detail so that the Court can determine

"*with a high degree of certainty*" that the hours billed were actually and reasonably expended, that the hourly rate charged was reasonable, and that the matter was appropriately staffed to do the work required efficiently and without duplicative billing. In re Olson, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989) (emphasis in original); see Hensley v. Eckerhart, 461 U.S. at 333; Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). At a minimum, a fee applicant must provide some information about the attorneys' billing practices and hourly rate, the attorneys' skill and experience (including the number of years that counsel has practiced law), the nature of counsel's practice as it relates to this kind of litigation, and the prevailing market rates in the relevant community. See Covington v. District of Columbia, 57 F.3d at 1107.[2] The D.C. Circuit also requires that "fee applications include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any." In re Donovan, 877 F. 2d 982, 994 (D.C. Cir. 1989) (citing Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1326 (D.C. Cir. 1982)).

By providing such information, plaintiffs establish a presumption that the number of hours billed and the hourly rate are reasonable, and the burden shifts to the defendants to rebut plaintiffs' showing of reasonable hours and reasonable hourly rates for attorneys of this skill level and experience for this kind of case. "[I]n the normal case the Government must either accede to the applicant's requested rate or provide specific contrary evidence tending to show

---

[2] The prevailing market rate can be determined by reference to the so-called Laffey matrix. See Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985).

that a lower rate would be appropriate." Covington v. District of Columbia, 57 F.3d at 1109-10 (quoting Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319 at 1326).

### B. Reasonableness of Plaintiffs' Requests for Attorney Fees

1.   Marianna and Daniel Ohe

Michael Eig, attorney for plaintiffs Marianna Ohe and Daniel Ohe, seeks $22,696.04 in attorneys' fees and costs.  In support of the motion, plaintiffs have filed a declaration of counsel and a billing statement detailing the time expended on the case.

Defendants challenge the following entries, which they argue are vague or unexplained: (1) one and a half hours for "Prep Disclosure," (2) two and a half hours spent in preparation for a hearing, and (3) one hour period spent on a hearing request.  See Defendants' Opposition to Plaintiffs' Motion for Attorneys Fees and Costs (July 11, 2003) ("Ohe Opp.") at 3-6.  Upon review of these fee entries and the entire petition, the Court concludes that these fees are reasonable.

Defendants also challenge plaintiff's copying costs (which amount to about $267 over seven months) because they are "vague and unexplained."  Ohe Opp. at 3.  After reviewing plaintiffs' billing statement, the Court finds that these contested monthly copying charges also are reasonable.  The Court moreover questions the prudence of demanding a further breakdown of copying costs in that usually amounted to less than $15 per month.

Finally, defendants argue that plaintiff's charges should be reduced for a six hour time block on February 4, 2003 described as "Due process hearing, Travel, Wait and follow up." See Ohe Opp. at 3-4.  This block submission of time is problematic in that it fails to differentiate

between travel time and time spent on substantive work.  In this circuit, travel time generally is compensated at no more than half the attorney's appropriate hourly rate.  See Cooper v. United States R.R. Ret. Bd., 24 F. 3d 1414, 1417 (D.C. Cir. 1994); Pigford v. Glickman, Civil No. 98-1693, Opinion and Order (D.D.C. March 8, 2001), Slip Op. at 15-16.  "To satisfy its burden of showing that the hours claimed were reasonably expended on a case, a petitioner must submit 'sufficiently detailed information about the hours logged and the work done,' and 'it is insufficient to provide the . . . Court with very broad summaries of work done and hours logged.'" American Petroleum Institute v. Environmental Protection Agency, 72 F. 3d 907, 915 (D.C. Cir. 1996) (quoting National Ass'n of Concerned Veterans v. Sec'y of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982)) (modifications in original).  Although plaintiffs' use of this block entry prevents the Court from determining how much of the claimed time should be billed at Mr. Eig's full rate and how much should be billed at a reduced rate, defendants' suggestion that the rate for the entire six-hour block be reduced by 50% also is unreasonable.

Mr. Eig's office is located at 5454 Wisconsin Avenue in Chevy Chase, Maryland, just across the District of Columbia border.  The Court therefore estimates that one hour of the six-hour time block was spent traveling to and from the due process hearing, and will reduce Mr. Eig's hourly rate for that time to $150.00.  See Silva v. Nat'l Telewire Corp., 2001 U.S. Dist. LEXIS 20717, at *10-11 (D.N.H. 2001) (citing Cooper v. United States R.R. Ret. Bd., 24 F. 3d at 1417) (estimating proportion of time block spent traveling, and reducing fee award accordingly).

Other than this deduction, the petition for fees is reasonable and no other deductions are warranted.[3]

### 2.  Fonda Allen and Curtis Patterson

Plaintiffs Fonda Allen and Curtis Patterson seek $4,821.00 in attorneys' fees and $186.62 in costs, plus $280.00 in fees incurred in the preparation of a reply brief in support of their fee petition.  See Points and Authorities in Support of Plaintiff's Motion for an Award of Attorney's Fees and Costs (August 27, 2002) ("Allen Mot.") at 2.  Plaintiffs' motion is supported by a declaration of plaintiffs' counsel and a billing statement detailing the time expended by counsel on this case.

Defendants argue that the fees sought are unreasonable "because several fees are excessive because of an inflated amount of time listed as required to accomplish certain tasks," including two eighteen minute periods devoted to correspondence, an eighteen-minute period spent on a phone call, and 1.9 hours writing a petition.  Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Award of Attorney's Fees and Costs (September 10, 2002) ("Allen Opp.") at 3-4.  Upon careful review of the billing statement and plaintiff's reply brief, the Court finds the time allotted to each task is reasonable.  The Court also rejects defendants' argument that plaintiffs' charged copying costs are too vague.  See Allen Opp. at 5.  The Court finds these charges to be sufficiently detailed and will award copying costs in full.

---

[3]  In the future, Mr. Eig should be more precise in his record-keeping and carefully segregate travel time from time spent on substantive work.

Defendants mysteriously argue that plaintiffs' charges for paralegal services are unreasonable because they are not supported with sufficient detail. See Def's Opp. at 5 ("For what is defendant being asked to pay? What did the paralegal do?"). The billing statement unambiguously indicates that the charged paralegal services include bill preparation and several phone calls with plaintiff Fonda Allen. The Court finds these charges to be reasonable and adequately documented.

Finally, defendants argue that the fee caps embodied in the 1998, 1999, 2000 and 2001 District of Columbia Appropriations Acts limit defendants' ability to pay the requested attorneys' fees. In their reply brief, plaintiffs seek an additional $280.00 in fees for the time required to respond to this argument, which the Court has rejected time and again in this case. See Blackman v. District of Columbia, 145 F. Supp.2d 47, 50-54 (D.D.C. 2001) (claim of Michael Edmonds); Blackman v. District of Columbia, 150 F. Supp.2d 133, 135 (D.D.C. 2001) (claim of Dionne Timmons, mother and next friend of Nicola Timmons). In light of the fact that the District of Columbia attorneys who signed defendants' opposition brief already have been admonished for wasting counsel's and the Court's time by raising the fee cap argument after it was squarely rejected, see Blackman v. District of Columbia, 150 F. Supp.2d at 135-36, the Court has no hesitation in awarding these additional fees.[4]

---

[4]   The Court's Opinion names Assistant Corporation Counsels (now Assistant Attorneys General) John Greenhaugh, Robert C. Utiger, and Urenthea McQuinn, and states, in relevant part:

> Why defendants make [the fee cap] argument is puzzling because it squarely was addressed and rejected by the Court in an opinion issued on May 10, 2001 -- nearly one month before defendants filed their opposition to plaintiffs' motion. . . . After reading defendants' opposition, the Court must conclude that defendants or

Accordingly, the Court will grant plaintiffs' motion for fees and costs in full, and also grant plaintiffs' request for additional fees.

3. Claim of Kevin Saunders

Plaintiffs Kevin Saunders and Keyarne Briscoe seek $6,951.00 for legal services and $198.54 in costs for a total of $7,149.54. <u>See</u> Points and Authorities in Support of Plaintiff's Motion for an Award of Attorney's Fees and Costs (October 7, 2002) ("Saunders Mot.") at 1-4.

---

> their lawyers either have not read the May 10, 2001 opinion or simply have opted to ignore the Court's decision. Although either alternative is, of course, entirely unacceptable, the latter explanation gives the Court greater cause for concern.
>
> It should be obvious that when the Court takes the time and effort to write an opinion, to send a copy of the opinion to counsel for the parties, to post the opinion on the District Court's website, and to have the opinion published, it expects that the attorneys involved in the case not only will read the opinion but also will take that decision into account in future filings. . . .
>
> If the defendants or their lawyers did not agree with the May 10, 2001 opinion, they should have taken the appropriate steps to challenge the Court's decision in the court of appeals. Simply ignoring the opinion in future filings was not and is not an option -- and it accomplishes nothing but delay and wasting the time of this Court and of members of the plaintiffs' Bar. As the defendants' opposition reiterates arguments that already have been unequivocally rejected by the Court, defendants' submission borders on the type of frivolous filing that warrants sanctions under Rule 11 of the Federal Rules of Civil Procedure. Certainly if defendants' opposition reflects a deliberate decision to ignore an opinion of the Court which is the controlling law of the case, such conduct probably would be sanctionable under Rule 11.

<u>Blackman v. District of Columbia</u>, 150 F. Supp.2d at 135-36 (citations and footnotes omitted).

The motion is supported by a declaration of plaintiffs' counsel, Elizabeth Jester, Esq., and a billing statement detailing the time expended in this matter.

Defendants argue that the time expended on several tasks is excessive. They challenge a two-hour period spent drafting a Motion for a Preliminary Injunction and 1.4 hours spent drafting the Motion for Attorneys' Fees. See Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Award of Attorney's Fees and Costs (November 1, 2002) ("Saunders Opp.") at 4-5. After reviewing these entries and plaintiffs' reply in support of their petition, the Court finds that the time allocated to these activities was reasonable.

The Court also rejects defendants' other arguments against the fee petition. Defendants challenge the $90 hourly rate claimed for paralegal services as excessive. See Saunders Opp. at 4-5. This rate, however, falls within the Laffey matrix for paralegal work and is identical to that claimed in numerous other fee petitions, and the Court finds it to be entirely reasonable. The Court also rejects defendants' argument that the $100.75 in copying costs claimed by plaintiff is excessive. Finally, defendants raise the D.C. fee cap argument, which the Court again rejects without need for further comment.

Accordingly, the Court grants plaintiffs' motion for attorneys' fees and costs in its entirety.

IV.  CONCLUSION

For the reasons stated above, it is hereby

ORDERED that defendants' shall, within 30 calendar days of the date of this Order, pay plaintiffs Marianna Ohe and Daniel Ohe $22,546.04 in attorneys' fees and costs; it is

FURTHER ORDERED that defendants' shall, within 30 calendar days of the date of this Order, pay plaintiffs Fonda Allen and Curtis Patterson $5,287.62 in attorneys' fees and costs; it is

FURTHER ORDERED that defendants' shall, within 30 calendar days of the date of this Order, pay plaintiffs Kevin Saunders and Keyarne Briscoe $7,149.54 in attorneys' fees and costs; it is

FURTHER ORDERED that if these amounts are not paid within 30 calendar days, they will bear interest at the rate established by 28 U.S.C. § 1961 from the 31st calendar day following entry of this Order.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 28, 2005