FOR THE DISTRICT OF COLUMBIA

FILED

AUG 24 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| MIKEISHA BLACKMAN, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 97-1629 (PLF) |
| ) | *Consolidated with* |
| DISTRICT OF COLUMBIA, et al. ) | Civil Action No. 97-2402 (PLF) |
| Defendants. ) | |

**ORDER OF REFERENCE**

On _August 24_, 2006, the Court signed a Consent Decree which settled two class action lawsuits brought against the District of Columbia, the District of Columbia Public Schools ("DCPS"), the Superintendent of the District of Columbia Public Schools, and the Director of Special Education for the District of Columbia Public Schools. The latter two defendants were sued in their official capacities only. The lawsuits alleged violations of the Individuals with Disabilities Education Act ("IDEA"). Specifically, Plaintiff's alleged that Defendants failed to timely hold due process hearings and timely issue Hearing Officer Determinations ("HODs") and failed to timely implement HODs and Settlement Agreements.

As part of the Consent Decree, the parties agreed that the Court is to appoint an independent Monitor to be paid by DCPS. The duties and responsibilities of the Monitor are enumerated throughout the Consent Decree and more specifically in Sections V(A), (B), (C), and (D) of the Consent Decree. The Consent Decree, negotiated by the parties, provides a clearly-defined role for the Monitor.

In accordance with the terms of the Consent Decree and its remedial purposes, and pursuant to the Court's inherent power, it is hereby

NS

ORDERED that Amy Totenberg shall serve as the Monitor, and that Ms. Totenberg as the Monitor, and as an agent and officer of the Court, shall have the responsibilities, powers, and protections as set forth in the Consent Decree and in this Order of Reference, it is

FURTHER ORDERED that the Monitor shall have the full cooperation of the parties and their counsel, and the parties and their counsel shall promptly provide any and all documentation and information requested by the Monitor, whether requested orally or in writing, and in whatever form requested; and it is

FURTHER ORDERED that

1. The Monitor shall have *ex parte* access to this Court without prior notification to or consultation with the parties. However, the Monitor may not have *ex parte* communications with the Court on the merits of matters pending before the Court on applications for relief or for judicial determination under the Consent Decree.

2. The Monitor shall have the right to confer and conduct confidential working sessions informally and on an *ex parte* basis with the parties and their counsel on matters affecting the discharge of the Monitor's duties and the implementation of the Consent Decree.

3. The Monitor shall have the authority to make informal suggestions to the parties in whatever form the Monitor deems appropriate in order to facilitate and aid implementation of the Consent Decree and compliance with Orders of the Court.

4. As an agent and officer of the Court, the Monitor shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

5. In addition to the power and authority granted elsewhere in this Order, the Monitor shall have all the responsibilities and powers enumerated in the Consent Decree, and it is

FURTHER ORDERED that:

1. The Defendants will enter into a Memorandum of Agreement ("MOA") with the Monitor for an initial three-year term to begin on the date the Court appoints the Monitor. The MOA shall incorporate the Monitor's responsibilities as set forth in the Consent Decree and establish a billing and payment mechanism for the Monitor's fees and expenses. The Monitor will be paid fees plus reasonable expenses, including administrative support of his/her own choosing. The MOA may contain an annual ceiling on fees to be paid to the Monitor; however, a ceiling may be imposed only by agreement of class counsel or the Court. If a ceiling is imposed, and the Monitor is asked to perform duties not explicitly required under the terms of this Consent Decree or the Monitor must expend more time or resources on activities required under this Consent Decree than contemplated by the parties or the Monitor, the Monitor may request additional funds and/or other resources and such request shall not be unreasonably denied.

2. Each fiscal year the Defendants shall set aside sufficient funds to cover the fees and expenses of the Monitor and any consultants, experts, staff, associates, assistants and/or administrative support required by the Monitor. On a monthly basis, the Monitor shall submit to the Court, Office of the General Counsel for DCPS ("OGC"), Defendants' counsel, and class counsel an account of his/her activities and an invoice for the reasonable fees and expenses incurred in the performance of his/her duties under this Consent Decree. The Defendants shall review the account of activities and invoice for fees and expenses, and shall have ten (10) days to file any objections to the proposed invoice. Absent any objections, Defendants shall pay such

reasonable fees and expenses within thirty (30) calendar days of receipt of the invoice or as may be ordered by the Court.

3.  Unless the *Blackman* and *Jones* cases have been dismissed, at a point that is six months or more prior to the expiration of the initial three-year term the parties shall meet to discuss the renewal of the Monitor's MOA on a two-year basis. In the event either party wants to change the Monitor, the parties will attempt to agree on another Monitor candidate to submit for the Court's approval. If the parties cannot agree on a single candidate, the parties will separately submit candidates to the Court and the Court will appoint a Monitor. As long as any aspect of this case has not been dismissed, the Defendants will be required to have a written agreement in the form of an MOA or contract with a Monitor. There shall be written into the agreement with the Monitor the Defendants' ability to cancel the agreement, without penalty, when both the *Blackman* and *Jones* portions of the case are dismissed. In the event that the case is still in existence six months prior to the expiration of the two-year renewal, the parties will follow the same procedure set forth above for renewing the Monitor's agreement at that time and in the future.

4.  The Monitor may contract or enter into agreements with experts and other associates to provide assistance as necessary, and may also retain administrative support of his/her own choosing, to assist him/her in carrying out his/her responsibilities under this Consent Decree. Compensation for these experts, associates, assistants and/or administrative support will be provided by the Defendants. Prior to entering into a contract or agreement with a deputy to the monitor or other expert, the Monitor shall submit a statement of work and the identity of the proposed deputy or other expert to class counsel and Defendants for approval. In addition, the Monitor shall submit a proposed schedule of fees to Defendants for approval and budgeting. The

Monitor's request must be reasonable, and the Defendants shall not unreasonably deny the Monitor's request. If the Monitor believes that the Defendants unreasonably denied a request for additional funds and/or resources, the Monitor may submit the request to the Court. If the Court finds that the Defendants unreasonably denied a request for additional funds and/or resources, the Court may order the Defendants to pay all or part of the Monitor's request. All invoices for approved supplemental support shall be submitted to the Court, OGC, Defendants' counsel, and class counsel, and shall be paid in the same manner as invoices for the Monitor as stated in paragraph (2) above.

5. The Defendants shall provide the Monitor with reasonable office space, including a computer and access to the internet, the special education student information system (currently known as ENCORE), and access to other data systems from time to time, as needed.

6. Subject to the Court's approval, the Monitor may be dismissed and replaced a) upon agreement of the parties or b) by the Court upon petition of any party when exceptional circumstances are shown.

7. Upon request of both parties, the Monitor, or another person agreeable to the parties, may mediate any disputes that arise between the parties regarding this Consent Decree, except those brought pursuant to the ADR provision of this Consent Decree. If a mediator other than the Monitor is selected, the cost of the mediator, if any, will be paid by the Defendants.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 8/24/06

5