UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
MIKEISHA BLACKMAN, et al.,              )
                                        )
                 Plaintiffs,            )
v.                                      )        Civil Action No. 97-1629 (PLF)
                                        )
DISTRICT OF COLUMBIA, et al.,           )
                                        )
                 Defendants.            )
_____)


MEMORANDUM OPINION AND ORDER

        The District of Columbia is far from achieving compliance with the August 24,

2006 Consent Decree.  The Report of the Evaluation Team for the 2007/08 School Year, filed on

August 28, 2008, (the "Evaluation Team Report") identifies key areas of deficiency.  The District

of Columbia does not dispute these findings of deficiency, either in its own Status Report or

through counsel at the September 3, 2008 status hearing.  See Status Report of the District of

Columbia at 2 ("[T]he District fully supports the views, findings, and recommendations in the

Evaluation Team's report.").

        The Consent Decree is both a binding court order and a contract.  The fact that

District of Columbia school officials have many other pressing responsibilities does not justify

the lack of progress made toward achieving compliance.  The Court is concerned that the District

of Columbia has failed to meet the requirement of the Consent Decree in part because the District

has not made those requirements a priority and has not tasked particular individuals within the

District of Columbia Public Schools ("DCPS") or the Office of the State Superintendent of

Education ("OSSE") with day-to-day, hands-on responsibility for the specific tasks necessary to

achieve the requirements of the Consent Decree.  Nor does it appear that the District of Columbia

has made particular individuals accountable for the failure to meet the requirements of the

Consent Decree.  Indeed, it is not even clear to the Court whether, even though OSSE as the state

education agency has ultimate responsibility for compliance with the IDEA, it is DCPS or OSSE

that is responsible for implementing certain Consent Decree requirements, much less which

individuals within DCPS and OSSE bear these responsibilities.

For these reasons, as the Court announced at the September 3, 2008 status

conference, the Court will require DCPS Chancellor Michelle Rhee and Deborah Gist, State

Superintendent of Education, to give testimony regarding the District of Columbia's plan for

ensuring coordinated implementation of the requirements of the Consent Decree, the Evaluation

Team Report's recommendations, and related provisions of the parties' Alternative Dispute

Resolution ("ADR") agreement.  This hearing will take place on October 20, 2008, at 9:00 a.m.

Counsel and the Evaluation Team should also be prepared to comment on the testimony provided

and may, if they wish, submit additional questions in advance for the Court's consideration.

Chancellor Rhee and Superintendent Gist should be prepared to address the

following questions and areas of inquiry in their testimony.

## I.  COMPLIANCE AND ACCOUNTABILITY

1. How do you personally track progress toward compliance with the Consent Decree?  What, if any, reports do you receive?  If you receive reports, how frequent are they?  What measures do you use to track progress?  How do you ensure corrective action is taken when needed?

2. Is there a written document or documents within DCPS or OSSE that set forth with specificity who is responsible, on a day-to-day basis for implementing each of the specific requirements of the Consent Decree, to whom each person reports

with respect to each paragraph, and who within the entity is ultimately accountable to the Chancellor and the Superintendent for ensuring that compliance is achieved?  Please bring copies of those documents to the October 20, 2008 hearing.

3.      Does either DCPS or OSSE have an internal compliance officer for the Consent Decree?  If so, please explain this individual's role, scope of authority, allocated resources and performance measures and provide a copy of the documents setting forth that person's responsibilities.  If there is no such official, why not?

4.      What role, if any, does the DCPS/OSSE General Counsel take in monitoring agency compliance with the obligations imposed by the Consent Decree?

5.      What role, if any, does the Office of the Attorney General ("OAG") take in monitoring agency compliance with the obligations imposed by the Consent Decree?

II.  COMPLIANCE WITH SPECIFIC CONSENT DECREE REQUIREMENTS

For each of the specific Consent Decree requirements listed below, Chancellor Rhee and Superintendent Gist should be prepared to identify the individual(s) who has daily operational responsibility for bringing the District into compliance.  If the responsibilities of individuals at OSSE and DCPS overlap, what are the differences in their roles and how are efforts coordinated?  Who has lead or primary responsibility for ensuring that compliance is achieved?  To whom does he or she report?

For the individuals identified as having primary responsibility for the various Consent Decree requirements, please identify:

a.      What is the individual's scope of authority to implement the task?

b.      What staff and resources are available to the individual?

c.      What performance measures are used to track progress toward compliance? When were they developed?

      d.      To whom are progress reports and performance measures provided and with what frequency?  From what date have such reports become available or will they become available?

      e.      What is the process for taking corrective action based on progress reports and performance measures?

1.  Timely issuance of HODs and SAs *(Superintendent Gist only)*

      a.      Timely issuance of Hearing Officer Decisions ("HODs") and Settlement Agreements ("SAs"), consistent with the Consent Decree performance measures.  <u>See</u> Consent Decree ¶¶ 28-30.

      b.      Management and data tracking of filed complaints and issuance of HODs and SAs.  <u>See</u> Consent Decree ¶¶ 31-32; 55(b), 60.

      c.      Oversight and management of the Student Hearing Office ("SHO") to ensure that the SHO conducts hearings in a timely and professional manner.  <u>See</u> Consent Decree ¶¶ 54-55.

2.  Timely Implementation of HODs/SAs

      a.      Timely implementation of HODs and SAs, consistent with the Consent Decree performance measures.  <u>See</u> Consent Decree ¶¶ 40-48.

      b.      Management and data tracking of implementation of all HODs and SAs. <u>See</u> Consent Decree ¶¶ 52, 60-66.

      c.      Implementation of the Backlog Reduction Plan agreed upon in the January 18, 2008 ADR notice.

      d.      Compliance with the Action Plan's specification that an additional seventy full time equivalent positions will be created and filled.  <u>See</u> Consent Decree ¶ 51; Consent Decree, Exhibit A.

      e.      Investment and tracking of $5 million additional funds to achieve timely implementation of HODs/SAs. <u>See</u> Consent Decree ¶ 50.

      f.      Ensure timely assessments and development of students' annual Individual Education Programs ("IEPs"), as provided in the Action Plan.  <u>See</u> Consent Decree, Exhibit A.

      g.      Implementation of the Case Management provisions of the ADR

agreement to provide a foundation for ensuring timely implementation of HOD/SAs and early resolution of issues giving rise to parent due process complaints.

3.  Data Systems

   a.    Maintenance of an accurate and reliable student data system that allows DCPS to track: (a) implementation of HODS/SAs and to identify impediments to timely implementation; and (b) the delivery of related services to students on an individual basis, lapses in the service delivery, and systemic actions taken to address related services lapses.  See Consent Decree ¶¶ 60, 63, 65.

   b.    Provision of regular and reliable data reporting, consistent with the requirements of the Consent Decree.  See Consent Decree ¶¶ 117-122, 125.

4.    Compensatory Services

   a.    Timely identification of compensatory service needs and provision of compensatory services to *Blackman/Jones* class members.  See Consent Decree ¶¶ 74-82.

5.    Charter Schools

   a.    Full integration of charter schools into the District of Columbia's support and accountability process for ensuring their compliance with the provisions of the Consent Decree and underlying  requirements under the Individuals with Disabilities Education Act.

   b.    OSSE's plans for assuming greater responsibility for review and investigation, where appropriate, of the charter schools' delivery of special education services.

6.    Implementation of recommendations in the Evaluation Team's Report of August 28, 2008.  See Evaluation Team Report at 68-70.

7.    The extent to which staffing and hiring issues at the OSSE may preclude effective exercise of OSSE's legal responsibility for ensuring special education compliance within the District of Columbia.  *(Superintendent Gist only)*.

8.    OSSE's plans as the State Education Agency to assume greater responsibility for review and investigation, where appropriate, of DCPS' delivery of special

education services.

Chancellor Rhee and Superintendent Gist are encouraged to bring documents with them (or file them in advance) that will elucidate, document or support their oral testimony.

Counsel for both sides may file additional questions on or before October 14, 2008, that they seek to have the Court address to Chancellor Rhee and Superintendent Gist.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 6, 2008