IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIKEISHA BLACKMAN,** *et al.*,   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | Civil Action No.  97-1629 (PLF) |
| **v.**   ) | **Consolidated with** |
| ) | Civil Action No.  97-2402 (PLF) |
| **DISTRICT OF COLUMBIA,** *et al.*,   ) | |
| ) | |
| **Defendants.**   ) | |
| ) | |

PLAINTIFFS' REPORT ON NON-PAYMENT OF
ATTORNEYS' FEES TO THE SPECIAL EDUCATION BAR

On June 26, 2009, this Court held a status hearing in the above-captioned case. At that hearing, class counsel opined that one possible explanation for the recent decrease in the number of due process complaints filed against the District of Columbia Public Schools (DCPS) each month is DCPS's failure to adequately or timely pay attorneys' fees. In response to counsel's statements, Dr. Richard Nyankori testified that there is "no famine in the parents bar," and that any claim that attorneys are being starved out of business is "hyperbolic." Transcript of June 26, 2009 Hearing at 29.[1]  Dr. Nyankori testified that his office pays attorneys faster than any other agency and faster than they are required to. *Id*. at 29-30.

---

[1]  Attached to this report as Exhibit 1 are relevant pages of the Transcript of the June 26, 2009 status hearing.

In the past month, class counsel has spoken with several members of the parents' bar and reviewed the pleadings in a number of cases filed in U.S. District Court contesting nonpayment of attorneys' fees. Plaintiffs hereby report the following findings:

1. The number of due process complaints filed by the parents' bar has been falling.

2. The parents' bar attributes the decrease in due process complaints to the financial difficulties faced by the parents' bar as a result of the non-payment and underpayment of attorneys' fees by the District of Columbia School System (DCPS).

3. The parents' bar complained of a variety of unfair payment practices.

4. There is a strong belief that that DCPS is attempting to disable the parents' bar through non-payment and underpayment of attorneys' fees.

Below we provide a summary of the information we collected from five law firms that together account for the majority of due process filings against DCPS.

**I.   James E. Brown & Associates, PLLP[2]**

James E. Brown & Associates (Brown & Assoc.) is a law firm specializing in education law. Domiento C.R. Hill, a supervising attorney with Brown & Assoc., reports that since August 2008, DCPS has paid only 10% of all invoices submitted to DCPS for attorneys' fees. Of the 10% that have been paid, a significant number were for less than the amount requested, and no explanation accompanied the underpayment.

Because of DCPS' non-payment and underpayment of fees, the firm has had to lay off eleven employees, roughly 35-40% of its staff. As a result, the firm is filing many fewer due

---

[2] Attached to this report as Exhibit 2 is an affidavit from supervising attorney Domiento C.R. Hill.

process complaints – a decrease that began in October, 2008.   The firm has had to turn away families seeking its assistance and decrease the services it offers to clients.

Brown and Assoc. has taken legal action against DCPS, filing nine complaints in U.S. District Court.  Six of the complaints seek payment of attorneys' fees for invoices were submitted during October 2008 through March 2009.  *See Molina-Aguilar v. District of Columbia,* 09-CV-190 (D.D.C. filed February 2, 2009);[3] *Curry v. District of Columbia,* 09-CV-832 (D.D.C. filed May 6, 2009); *Kingsbury v. District of Columbia,* 09-CV-833 (D.D.C. filed May 6, 2009);  *Boatwright v. District of Columbia,* 09-CV-863 (D.D.C. filed May 11, 2009); *Tyler v. District of Columbia,* 09-CV-864 ( D.D.C. filed May 11, 2009); *Church v. District of Columbia,* 09-CV-933 (D.D.C filed May 19, 2009).  Three of the complaints seek fees for work for which the firm has not submitted invoices; the firm went directly to court, bypassing DCPS's payment process. *See Farrell v. District of Columbia,* 09-CV-931 (D.D.C. filed May 19, 2009); *Jenkins v. District of Columbia,* 09-CV-932 (D.D.C. filed May 19, 2009); *Andrews  v. District of Columbia,* 09-CV-1342 (D.D.C. filed July 20, 2009).  The fees at issue in the nine lawsuits are for work on behalf of over 200 prevailing plaintiffs.[4]

---

[3] *Molina-Aguilar,* which sought fees for $189,900, was settled in March 2009 for $102,520.50.

[4] Attached to the complaints in the nine federal lawsuits are the due process complaints and hearing officer decisions (HODs) for all of the 200 plaintiffs.  The cases present a range of issues.  A few examples include:

- DCPS had ruled that the student's suspension from school was not a manifestation of his disability.  The student contested this decision.

- The student contested the findings of DCPS's evaluations and DCPS agreed to allow the student to obtain independent evaluations.  Once the independent evaluations were complete, DCPS refused to convene an MDT to revise the student's IEP in light of the new findings.  An HOD was issued ordering DCPS to convene the MDT within 15 days.  DCPS failed to comply, so the student filed a new complaint.

## II. Tyrka & Associates, LLP[5]

Tyrka & Associates (Tyrka & Assoc.) is a law firm specializing in education law. As illustrated in the following table, the firm has significantly decreased its due process complaint filings since the fall of 2008.

- The student sought compensatory education for DCPS's failure to provide FAPE during a school year in which the student, who had previously been making progress, regressed. The student's regression was noted by the school and new evaluations were recommended, but it wasn't until the following school year that a change in placement occurred.

- DCPS recommended a placement that was inconsistent with the recommendations of both the student's MDT and his evaluations. Despite multiple HODs ordering DCPS to reconsider, it did not. The result was that the student was in an inappropriate placement for 30 weeks.

- DCPS failed to conduct re-evaluations requested by the student and recommended by the MDT and eliminated the student's OHI (other health impairment) diagnosis from his IEP without a re-evaluation. In addition, when the student aged out of his 2007-2008 placement, DCPS failed to find an appropriate placement for 2008-2009. As a result, the student ended up at his neighborhood school, which was unable to implement his IEP.

- A five year old boy, born deaf in both ears and diagnosed with autism, spent his first year of school in an autism program that was unable to implement the portion of his IEP requiring the presence of someone who could communicate with him in American Sign Language (his primary language). The student was without hearing aids for several months and did not consistently receive a number of the related services required by his IEP. The student was moved to a new school, where he again received no instruction in either American Sign Language or a pictoral depiction program, significant portions of his IEP continued to be unimplemented, and the student failed to progress .

---

[5] Attached to this report as Exhibit 3 is an affidavit from founding partner Douglas W. Tyrka.

# of Complaints Filed

- Calendar year 2006:            196
- Calendar year 2007:            227
- First part of calendar 2008:   121
- Fall 2008:                      60
- Calendar year 2009:             14

Douglas W. Tyrka, the founding partner, attributes the decrease to the non-payment and underpayment of attorneys' fees by DCPS.

DCPS failed to pay Tyrka and Assoc. for over a year, from April 2008 to mid-April 2009. In January 2009, Mr. Tyrka learned that DCPS was breaching an agreement to settle 64 unpaid invoices for $225,000.[6]  As a result, the firm has had to downsize significantly.  Until March, 2009, Mr. Tyrka was assisted by an associate, a full-time educational advocate, and two full time and one half-time legal assistants.  At present, he has one part-time legal assistant and only eight hours a week of an educational advocate's time.  In addition, the firm has moved from its rented office space into Mr. Tyrka's home.

In March 2009, Tyrka & Assoc. filed suit in the D.C. Superior Court for breach of contract for DCPS's failure to honor its agreement to pay $225,000 to settle 64 invoices.  *See Tyrka & Associates, LLC. v. District of Columbia,* 2009-CA-2297 (D.C. Sup. Ct. filed March 27, 2009).   In July 2009, the firm filed suit in U.S. District Court for approximately 125 other unpaid invoices and 30 partially paid invoices.  *See Davidson v. District of Columbia,* 09-CV-

---

[6] Mr. Tyrka was informed by Quinne Harris-Lindsey of the DCPS Office of the General Counsel that DCPS adopted a new policy of refusing to enter into settlement agreements for unpaid attorneys' fees and that this policy was to apply retroactively.

1283 (D.D.C. filed July 10, 2009).[7]  The federal lawsuit seeks an award of $1,102,850.36 and payment of $573,095.94, the amount due when the $4,000 fee cap is applied.

The firm has dramatically reduced its work on behalf of students with legitimate special education claims against DCPS.  In addition to filing fewer due process complaints for its current clients, the firm has had to turn away prospective clients.  Moreover, before its financial problems, the firm spent significant resources obtaining evaluations and related services for its clients.  Now, the firm lacks the resources to provide these services.  Moreover the DCPS Office of the General Counsel has told Mr. Tyrka that DCPS will no longer pay fees for such work, on the grounds that helping clients to secure much-needed evaluations and related services is "administrative" and hence not reimbursable.

### III.    The Law Office of Steven J. Boretos

The Law Office of Steven J. Boretos is a law firm specializing in education law.   During 2004-2008, the firm filed about 40-60 due process complaints a year against DCPS.  In the 2008/2009 school year, the firm filed only 12 complaints, and the firm has filed no complaints since February 2009.

Barbara Tusch is an education advocate for the firm.[8]  She reported that the decrease in due process complaint filings is a result of the financial hardship the firm is facing due to non-payment of attorneys' fees by DCPS.  Ms. Tusch has not received a salary since December 2008.  Mr. Boretos has given up his office space, phone lines, and internet.

---

[7]  In recent weeks, DCPS has made payments on a number of these invoices.  The payments were at hourly rates significantly less than requested and for significantly fewer hours of work, generally without explanation.

[8]  Attached to this report as Exhibit 4 is an affidavit from Ms. Tusch.

Ms. Tusch described feeling as if she was getting "the run-around" from DCPS staff when she tried to help the firm secure payment of attorneys fees. She reported that a set of invoices submitted in October 2008 is still unpaid. When inquiring as to these invoices, she was informed that they had been lost, but that the firm could not submit new invoices because that might result in an accidental over-payment. Ms. Tusch reported that a different set of invoices also remains unpaid, despite DCPS's insistence that these invoices have been paid. DCPS says it will not assist her further with these invoices.

As an education advocate, Ms. Tusch assists the firm's clients in securing implementation of Hearing Officer Decisions and Settlement Agreements involving DCPS. That work often includes holding conference calls with clients and DCPS representatives to discuss the services that were awarded. Ms. Tusch reports that in May 2009, upon joining a conference call with a DCPS compliance specialist and a client of Mr. Boretos, she overheard the compliance specialist telling the client that DCPS was trying to get rid of all of the parents' attorneys. Ms. Tusch heard the compliance specialist tell the client that DCPS could solve all of her family's problems directly and that she did not need an attorney to advocate on her behalf.

## IV.     Law Offices of Christopher N. Anwah, PLLC

The Law Office of Christopher N. Anwah specializes in education law. The firm estimates that prior to 2009, it filed 25-30 due process complaints a month against DCPS. In 2009, the firm has filed no more than seven complaints a month.

Christopher Anwah, founding partner, attributes the decrease in due process complaints to the non-payment and underpayment of attorneys' fees by DCPS. The firm currently has over 40 invoices outstanding. Recently, when DCPS has paid invoices, the payments are a fraction of the amount claimed. Mr. Anwah reported that his difficulties receiving timely payment began in

July, 2008. As a result of his decrease in income, Mr. Anwah has had to lay off approximately 75% of his staff. He reports that the law office cannot afford to undertake federal court litigation for unpaid or underpaid fees. Last year, it filed claims in D.C. Superior Court for approximately twelve invoices.

Mr. Anwah confirmed one part of Dr. Nyankori's testimony at the June 26, 2009 status hearing. He agreed that in March of this year, Dr. Nyankori helped him obtain payment for several invoices that had been outstanding since late 2008.[9] However, of the fourteen invoices then outstanding, only four or five were paid as a result of Dr. Nyankori's efforts.

### V.     Taylor, Sylla & Agin, LLP

Taylor, Sylla & Agin is a small law firm with a number of practice areas. Partner Marshall Taylor specializes in education law and files due process claims against DCPS. Mr. Taylor reports a significant increase in the number of invoices for which DCPS is paying far less than he requested, resulting in payments well below the $4000 fee cap. Mr. Taylor reports that DCPS is refusing to pay for services he considers necessary and routine in special education practice, such as negotiations with DCPS counsel and witness preparation for hearings.

### VI.    The Law Office of Donna L. Wulkan

In March 2009, the Law Office of Donna Wulkan filed suit against D.C. in federal court over attorney fees payment issues. *See Sheila Cash-Carter v. District of Columbia*, 09-CV-504 (D.D.C. filed March 16, 2009)  DCPS became unresponsive to the firm's invoices and the firm filed a lawsuit. By June 2009, the number of unpaid invoices had risen to twenty-two.

---

[9] Dr. Nyankori testified as follows: "I have on three different occasions worked with Donovan Anderson, Christopher Anwah and others to expedite payments to them." Transcript of June 26, 2009 Status Hearing at 29.

The complaint alleged that DCPS engages in arbitrary and capricious fee practices amounting to a pattern and practice of harassment. The complaint also alleged that DCPS is refusing to pay for work that previously it had agreed was compensable. An example cited in the complaint is the refusal to pay for work performed more than 30 days prior to the hearing request date.[10]

On July 27, 2009, a consent judgment was issued in favor of the plaintiffs.

## VI.     Conclusion

Class counsel spoke with the law firms that represent the majority of children on whose behalf due process complaints are filed. The parents' bar has significantly reduced the number of due process complaints filed each month. The parents' bar attributes the decrease to financial difficulties created by the non-payment and underpayment of attorneys' fees by DCPS. The

---

[10] Ms. Wulkan provided class counsel with a copy of the Disputed Fees Work Sheet provided by the DCPS Office of the General Counsel for one of the invoices at issue in the suit. Among the work that DCPS asserted was not compensable was:

- All work performed on the case in the month prior to the date on which the firm first prepared a hearing request. Reason for denial: "Remote or unrelated to HOD."

- Emails and phone calls to the Hearing Officer, the Student Hearing Office, and counsel for DCPS. Reason for denial: "Administrative."

- Phone calls with the student's speech and language evaluator. Reason for denial: "Remote or Unrelated to HOD," and "Not authorized."

- Review and revision of a compensatory education plan. Reason for denial: "Not authorized."

- Preparation of an affidavit regarding a visit to a high school. Reason for denial: "Administrative."

parent bar complained of a variety of unfair payment practices.  There is a strong belief that DCPS is attempting to disable the parents' bar through non-payment and underpayment of fees.

Class counsel is prepared to conduct additional research, obtain additional documentation, or participate in a hearing regarding the above matters.

                Respectfully submitted,

                /s/
                _____

                Ira A. Burnim (Bar No. 406154)
                Bazelon Center for Mental Health Law
                1101 Fifteenth Street, NW, Suite 1212
                Washington, D.C. 20005
                Tel: 202-467-5730 ext. 129
                Fax: 202-223-0409
                Email: irab@bazelon.org

                Attorney for Plaintiffs