UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MIKEISHA BLACKMAN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 97-1629 (PLF) |
| | ) | Consolidated with |
| DISTRICT OF COLUMBIA, et al., | ) | Civil Action No. 97-2402 (PLF) |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On June 27, 2011, Retired Judge Richard A. Levie, the Alternative Dispute Resolution Specialist in this case, issued a 23-page report and recommendation in which he concluded that the defendants' "current counting method does not comport with the 2006 Consent Decree . . . , the 2006 Case Closure Protocols or the intent and goals of the [Consent] Decree." Report & Recommendation at 1, June 27, 2011 [Dkt. No. 2260]. Judge Levie recommended that "certain actions be taken by [d]efendants to better provide necessary special education services and to more quickly enable [d]efendants to meet the requirements of the [Consent] Decree." Id.

In lieu of filing objections and comments to the report and recommendation, the parties engaged in settlement discussions with the assistance of the Court-appointed Monitor, Clarence J. Sundram. On August 18, 2011, the parties filed a joint notice and attached an agreement reached by the parties regarding Jones compliance. See Joint Notice at 1, Aug. 18, 2011 [Dkt. No. 2268]. As the parties stated in their joint notice, they intend the agreement

"to resolve the parties' ADR disputes and obviate the need for comments on [Judge Levie's] report and recommendations." Id. The parties' agreement is expressly conditioned on the Court's approval. Agreement of the Parties Regarding Jones Compliance at 1, Aug. 18, 2011 [Dkt. No. 2268-1].

The Court held a status conference on November 21, 2011 to discuss, among other things, the agreement of the parties regarding Jones compliance, and the parties' request for the Court's approval of that agreement. At that status conference, the Court-appointed Monitor indicated that he supports the parties' agreement. For the reasons stated in open court and in accordance with Paragraph 113 of the Consent Decree, the Court will approve the parties' agreement.

The agreement that was filed with the Court provides that it "will be binding upon the parties and shall be enforceable as any provision of the Consent Decree, *except as otherwise provided in the conditions and terms set forth herein*." Agreement of the Parties Regarding Jones Compliance at 1, Aug. 18, 2011 [Dkt. No. 2268-1] (emphasis added). As the parties represented at the status conference on November 21, 2011, the italicized language above had relevance in prior drafts of the agreement, but now is mere surplusage. That italicized language therefore will be stricken, and the agreement will be binding upon the parties and will be as enforceable as any provision of the Consent Decree.

Accordingly, it is hereby

ORDERED that the Court approves the agreement of the parties regarding Jones compliance [Dkt. No. 2268-1]; and it is

FURTHER ORDERED that the agreement is binding upon the parties and is as enforceable as any provision of the Consent Decree.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: November 22, 2011