UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKEISHA BLACKMAN, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 97-1629 (PLF) <br><br> Claim of LaShawn Smith, Parent <br> and Next Friend of A.J. |

## PRELIMINARY INJUNCTION ORDER

Plaintiff LaShawn Smith, as parent and next friend of student A.J., filed a motion for a preliminary injunction on August 7, 2013. Dkt. No. 2342. In her motion, Ms. Smith requests that the Court order defendant District of Columbia Public Schools ("DCPS") and respondent Cesar Chavez Public Charter Schools ("Chavez") to reenroll A.J. at Chavez and to provide certain services to A.J., pursuant to hearing officer determinations issued on May 31, 2013 and July 3, 2013. Pursuant to the August 24, 2006 Consent Decree, the Court referred the motion to the Special Master, Elise Baach. Minute Order dated August 7, 2013.

The issues presented by that motion not having yet been resolved through the efforts of Ms. Baach, and the first day of school being scheduled for August 26, 2013, Ms. Smith filed a motion for a temporary restraining order on August 19, 2013. Dkt. No. 2348. Both DCPS and Chavez, through counsel, filed oppositions to the motion, and plaintiff filed a reply. A hearing on the motion for a temporary restraining order was held on August 22, 2013. At the

hearing, the parties agreed that the Court should treat the motion as a motion for preliminary injunction.[1]

At the conclusion of the hearing, and after hearing argument from counsel for plaintiff and DCPS and representations from Chavez officials, the Court announced an oral opinion from the bench. In its decision, the Court found that plaintiff was likely to prevail on the merits of her claim, that her son A.J. likely would suffer irreparable harm if not reenrolled at the Chavez school by the beginning of the school year, and that it was in the public interest to issue immediate injunctive relief. In view of the arguments made at the hearing and the nature of the court's ruling, the Court assumes, but did not decide, that the additional services ordered by the hearing officer would be provided to A.J. in a timely fashion.

Therefore, for the reasons stated in open court, it is hereby

ORDERED that [2348] plaintiff LaShawn Smith's motion for a preliminary injunction is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that the District of Columbia and DCPS, pursuant to their obligations and authority under the IDEA and the Consent Decree in this case, shall cause student A.J. to be reenrolled at Chavez by the opening of the school day on Monday, August 26, 2013; it is

FURTHER ORDERED that Chavez shall reenroll A.J. in its seventh grade class by the opening of the school day on Monday, August 26, 2013; it is

FURTHER ORDERED that, to the extent that the parties disagree about the provision of the additional services ordered in the hearing officer determinations, or the manner

---

[1] The Court's grant of immediate injunctive relief does not resolve plaintiff's originally filed motion for preliminary injunction, still pending before Ms. Baach. Pursuant to this Court's February 12, 1999 Order of Reference and the Consent Decree, a decision on that motion will resolve plaintiff's claim on the merits.

2

in which such services must be provided, any such disagreement shall be resolved in the proceedings pending before the Special Master; and it is

FURTHER ORDERED that, in light of the issuance of this preliminary injunction, plaintiff's request for a temporary restraining order is denied as moot.

SO ORDERED.

DATE: 8/23/13

PAUL L. FRIEDMAN
United States District Judge