UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MIKEISHA BLACKMAN, *et al.*,        )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Civil Action No. 97-1629 (PLF)
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )   Claim of Destaney Taylor
                                    )
            Defendants.             )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the District of Columbia's motion to stay the December 13, 2013 hearing officer decision and order ("HOD") relating to the educational services provided to adult student Destaney Taylor pending the District's appeal of the HOD. Dkt. No. 2436 (Feb. 14, 2014). The plaintiff class has filed an objection to the stay motion. Dkt. No. 2437 (Feb. 18, 2014). For the reasons set forth below, the Court will deny the District's motion without prejudice to the motion being refiled in the appropriate civil action.

The appeal referenced in the District's motion currently is pending before Judge James E. Boasberg and Magistrate Judge Deborah A. Robinson. See District of Columbia v. Taylor, Civil Action No. 14-0104. The District initially filed its stay motion in Civil Action No. 14-0104, consistent with the standard practice of seeking a stay of an administrative order in the same case where the appeal is pending. See, e.g., District of Columbia v. Vinyard, 901 F. Supp. 2d 77, 89 (D.D.C. 2012); Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Suggs, 562 F.Supp.2d 141, 143 (D.D.C. 2008) ("Nowhere in the IDEA . . . is there a . . . right of an

education provider to decline to implement a Hearing Officer Decision in a student's favor automatically, without seeking a stay of that Decision from either the Hearing Office *or the Court in which further proceedings have been commenced under 20 U.S.C. § 1415(i)(2).*") (emphasis added). Filing the stay motion in the case involving the underlying appeal makes logical sense, as determining whether a stay should be granted involves an inquiry into the merits of the appeal itself. See Nken v. Holder, 556 U.S. 418, 434 (2009) (noting that a court must consider "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" of appeal) (internal quotation omitted); District of Columbia v. Vinyard, 901 F. Supp. 2d at 89 (same).

On February 14, 2014, the District withdrew its stay motion in District of Columbia v. Taylor, Civil Action No. 14-0104, and refiled the motion in Blackman v. District of Columbia, Civil Action No. 97-1629. To explain this puzzling procedural move, the District points to the undersigned's recent decision in District of Columbia v. Masucci, --- F. Supp. 2d ----, 2014 WL 331344 (D.D.C. Jan. 30, 2014), which the District reads as requiring the District to seek a stay of the December 13, 2013 HOD from the undersigned, rather than from the judge presiding over the appeal of the HOD.

The District has misconstrued the Court's decision in Masucci and apparently failed to read the order that accompanied it. That decision resolved motions in two cases, one of which was the District's appeal of an adverse HOD, District of Columbia v. Masucci, Civil Action No. 13-1008. See District of Columbia v. Masucci, 2014 WL 331344, at *8 (granting in part the District's motion for a stay, filed in Civil Action No. 13-1008). Importantly, the appeal

2

of the HOD, Civil Action No. 13-1008, was pending before the undersigned. By contrast, the appeal of the December 13, 2013 HOD in this case remains before Judge Boasberg and Magistrate Judge Robinson.[1]

The District's confusion perhaps stems from the fact that Ms. Taylor has filed a motion for preliminary injunction in Blackman v. District of Columbia, Civil Action No. 97-1629. See Dkt. No. 2419. In her preliminary injunction motion, Ms. Taylor argues that the District breached its duty to timely implement the December 13, 2013 HOD. Id. at 2-3. The Court notes that resolution of Ms. Taylor's preliminary injunction motion likely will require consideration of any stay proceedings in Civil Action No. 14-0104. See, e.g., Report and Recommendation of the Special Master, Dkt. No. 2346 (Aug. 13, 2013) (recommending that the Court postpone resolution of motion for preliminary injunction in order to consider the District's motion for a stay). But the preliminary injunction motion does not bring either the District's appeal of the December 13, 2013 HOD or the District's request to stay that HOD within the purview of the Blackman case. Those matters are properly resolved by Judge Boasberg or Magistrate Judge Robinson, before whom Civil Action No. 14-0104 is pending.

Accordingly, it is hereby

---

[1] The Court noted in Masucci that "[w]hen there is a dispute as to whether a HOD must be implemented pending an appeal in federal court, such dispute typically is resolved in the civil action in which the appeal has been brought." District of Columbia v. Masucci, 2014 WL 331344, at *2 n.2 (citing District of Columbia v. Oliver, --- F. Supp. 2d ----, 2013 WL 6000889, at *2 (D.D.C. 2013), and Friendship Edison Pub. Charter Sch. Chamberlain Campus v. Suggs, 562 F. Supp. 2d at 143).

ORDERED that [Dkt. No. 2436] the District's emergency motion to stay the December 13, 2013 Hearing Officer Decision and Order during pendency of appeal and request for expedited briefing schedule is DENIED WITHOUT PREJUDICE to the motion being refiled in <u>District of Columbia v. Taylor</u>, Civil Action No. 14-0104.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: February 18, 2014                           United States District Judge