UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MIKEISHA BLACKMAN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 97-1629 (PLF) |
| DISTRICT OF COLUMBIA, et al., | ) | Claim of Anne & Brantley Davis, parents and next friends of B.D. |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on plaintiffs Anne and Brantley Davis' motion for expenses incurred litigating a successful motion for a preliminary injunction on behalf of minor student B.D. Plaintiffs' Fee Petition, Dkt. No. 2404 (Nov. 6, 2013). The amount requested, $8,780.20, reflects 22.5 hours expended by plaintiffs' attorney, Diana Savit, at an hourly rate of $390.00 per hour, plus $5.20 in reimbursable costs. The government subsequently filed a response agreeing that plaintiffs were entitled to fees for the 22.5 hours expended by plaintiffs' counsel. The government submitted, however, that plaintiffs' counsel should be paid at a rate equal to three-quarters of the rate established by the so-called Laffey Matrix. See Laffey Matrix – 2003-2014, *available at* http://www.justice.gov/usao/dc/divisions/Laffey_Matrix%202014.pdf. Under the government's formulation, plaintiffs are entitled to no more than $8,526.07. See Defendant's Notice Regarding Plaintiffs' Motion, Dkt. No. 2408 (Dec. 5, 2013).

    The Laffey schedule of attorney's fees, first developed based on information about the prevailing rates charged by federal litigators in the District of Columbia, is maintained by the United States Attorney's Office for the District of Columbia. See Laffey Matrix n.1. In

this circuit, the rates contained in the Laffey Matrix are typically treated as the highest rates that will be presumed to be reasonable when a court reviews a petition for statutory attorney's fees. See Rooths v. Dist. of Columbia, 802 F. Supp. 2d 56, 61 (D.D.C. 2011); Blackman v. Dist. of Columbia, 59 F. Supp. 2d 37, 43 (D.D.C. 1999). Under Laffey, the hourly rate for an attorney with Ms. Savit's experience is $510.[1] Ms. Savit therefore, commendably, has already reduced her rate in this case below what she might normally charge.

Although the USAO Laffey Matrix provides an appropriate starting point for a determination of a reasonable rate, the rates contained in the matrix represent, as already noted, presumptive *maximum* rates. Furthermore, those maximum rates are appropriately paid in actions constituting "complex federal litigation." Covington v. Dist. of Columbia, 57 F.3d 1101, 1103 (D.C. Cir. 1995). Many judges of this Court, including the undersigned, generally cap attorney's fees at three-quarters of the Laffey rate for routine IDEA cases – where the claims involve "simple facts, little evidence, and no novel or complicated questions of law." Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 63. The Court agrees that the plaintiffs' motion for a preliminary injunction is more akin to a routine IDEA case than the sort of complex litigation that would merit compensation at the full Laffey rate. The dispute was presented and resolved in a relatively informal setting before the Special Master, and plaintiffs have not shown that the case involved complicated legal or evidentiary issues. Under these circumstances, the Court finds it appropriate to cap Ms. Savit's hourly rate at $382.50, equal to three-quarters of the relevant Laffey rate – though it must ask why the parties could not have resolved this quibble

---

[1] In their papers, both parties indicate that the relevant Laffey rate is $505, representing the June 2012 – May 2013 rate for an attorney with 20 or more years of experience. See Declaration of Diana M. Savit ¶ 10, Exhibit 1 to Plaintiffs' Fee Petition; Defendant's Notice Regarding Plaintiffs' Motion at 2. Because Ms. Savit's services were rendered in July and August 2013, however, the Court relies on the rate for June 2013 – May 2014, which is $510 per hour.

2

over $254.13 without burdening either the Court or themselves. The Court will award $8,606.25 ($382.50/hour x 22.5 hours) in attorney's fees.

Plaintiffs also seek leave to file a supplemental motion for the fees and expenses incurred in litigating this motion. It is established that the Court may award additional fees to a prevailing party for "time reasonably devoted to obtaining attorney's fees." Kaseman, K.K. v. Dist. of Columbia, 444 F.3d 637, 640 (D.C. Cir. 2006) (quoting Envt'l Def. Fund v. EPA, 672 F.2d 42, 62 (D.C. Cir. 1982)); see also Ctr. for Biological Diversity v. U.S. Dep't of Interior, 696 F.3d 1, 6 (D.C. Cir. 2012). Because plaintiffs likely are entitled to fees for the time spent in reviewing billing entries and preparing certain portions of their fees petition, the Court will grant plaintiffs leave to file a supplemental fees motion. The Court cautions plaintiffs, however, that as the only substantive legal dispute between the parties relating to fees (*i.e.*, the 3/4 Laffey rate cap) was resolved in favor of the government, the Court is unlikely to award fees for expenses incurred preparing arguments relating to plaintiffs' counsel's hourly rate. Plaintiffs' counsel also is directed to confer with government counsel as to possible settlement prior to filing any further fee petition.

Accordingly, it is hereby

ORDERED that [Dkt. No. 2404] plaintiffs' motion for attorney's fees is GRANTED IN PART and DENIED IN PART; it is

FURTHER ORDERED that the District of Columbia shall pay plaintiffs $8,611.45, representing $8,606.25 in attorney's fees and $5.20 in costs, on or before July 28, 2014. If this amount is not paid on or before July 28, 2014, it will bear interest at the rate established by 28 U.S.C. § 1961 from July 29, 2014; and it is

FURTHER ORDERED that *if* plaintiffs wish to seek reasonable fees for time spent preparing the instant fee petition, plaintiffs must file a motion for such fees on or before July 28, 2014. Prior to filing such motion, plaintiffs' counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to resolve the matter or, if the matter cannot be resolved out of court, to narrow the areas of disagreement. Plaintiffs shall include in their motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: June 27, 2014                      United States District Judge