UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MIKEISHA BLACKMAN, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　Civil Action No. 97-1629 (PLF)
　　　　　　　　　　　　　　　　　　)　　Claim of Denyce Hubbard,
DISTRICT OF COLUMBIA, et al.,　　　　)　　　legal guardian and
　　　　　　　　　　　　　　　　　　)　　　next friend of T.C.
　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

---

OPINION AND ORDER

This action was filed under 42 U.S.C. § 1983 to enforce the rights of the plaintiff class members under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. This matter is now before the Court on the motion of class member Denyce Hubbard for $27,251.25 in attorneys' fees and costs. Defendant, the District of Columbia, opposes the motion. Upon consideration of the parties' papers, the relevant legal authorities, and pertinent portions of the record in this case, the Court grants in part and denies in part plaintiff's motion, and awards to plaintiff fees and costs in the amount of $20,162.75, representing $20,090.50 in attorneys' fees and $72.25 in costs.[1]

---

[1] The papers considered in connection with the pending motion include: plaintiff's motion for attorneys' fees and costs ("Fee Mot.") [Dkt. No. 2352]; defendant's opposition to plaintiff's motion ("Fee Opp.") [Dkt. No. 2380]; plaintiff's reply in support of her fee motion ("Fee Reply") [Dkt. No. 2383]; plaintiff's first motion for preliminary injunction ("PI Mot.") [Dkt. No. 2325]; defendant's opposition to plaintiff's first motion for preliminary injunction ("PI Opp.") [Dkt. No. 2329]; plaintiff's reply in support of her first motion for preliminary injunction ("PI Reply") [Dkt. No. 2331]; plaintiff's status report ("Status Report") [Dkt. No. 2335]; plaintiff's second motion for preliminary injunction ("2d PI Mot.") [Dkt. No. 2387]; the Report

I.  BACKGROUND

Plaintiff Denyce Hubbard is the legal guardian and next friend of T.C., a student eligible to receive special education and related services from the District of Columbia Public Schools ("DCPS").  In December 2012, plaintiff filed a request for a due process hearing to challenge T.C.'s educational placement under her individualized education program ("IEP").  R&R at 2.  On January 28, 2013, an administrative hearing officer found that DCPS had denied T.C. a free, appropriate public education required under the IDEA when it failed to provide an appropriate placement for T.C.  Id.  The hearing officer ordered DCPS to place T.C. in a full-time, segregated, therapeutic environment and to provide T.C. art therapy at least once a week for the remainder of the 2012-2013 school year.  Id.

DCPS did not provide art therapy in a timely fashion, however, and on June 21, 2013, plaintiff moved for a preliminary injunction.  In her motion, plaintiff sought an order directing DCPS to immediately provide art therapy in compliance with the hearing officer determination and compensatory education for the services which T.C. had been denied.  PI Mot. at 15.

The Court referred the preliminary injunction motion to Special Master Elise Baach.  See Minute Order dated June 26, 2013.  The parties presented their arguments to the Special Master on July 10, 2013.  R&R at 6.  After considering the parties' arguments, the Special Master convened a teleconference with the parties on July 12, 2013, in which she explained that "due to the delay in providing art therapy, T.C. would prevail in this action," and she "asked the parties to discuss the details of a proposed order regarding T.C.'s art therapy

---

and Recommendations of the Special Master on plaintiff's second motion for preliminary injunction ("R&R") [Dkt. No. 2406]; the January 7, 2014 Order adopting the Report and Recommendations of the Special Master ("Jan. 7, 2014 Order") [Dkt. No. 2412]; and the parties' notice of settlement of certain claims ("Notice of Settlement") [Dkt. No. 2463].

sessions." Id. On July 19, 2013, plaintiff filed a status report notifying the Court that the parties had reached an agreement regarding the art therapy sessions. Status Report at 1; R&R at 6. The Court subsequently denied the motion for preliminary injunction as moot. See Minute Order dated August 5, 2013.

Plaintiff now moves for an award of $27,179.00 in attorneys' fees and $72.25 in costs for the time and effort involved in obtaining the favorable settlement.[2]

## II.  LEGAL STANDARD

The Court previously has set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in special education cases like this one. See Blackman v. Dist. of Columbia, 59 F. Supp. 2d 37, 42-44 (D.D.C. 1999). To recover reasonable attorneys' fees, a plaintiff must first demonstrate that he or she is a prevailing party in the litigation. Id. at 40-41; see also Blackman v. Dist. of Columbia, 328 F. Supp. 2d 36, 42-45 (D.D.C. 2004). For a party to constitute a prevailing party, it must have succeeded on a significant issue raised in the litigation and secured some of the benefit sought. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (internal quotation omitted). In addition, this benefit must reflect a change in the legal relationship between the parties, and that change must be judicially sanctioned in some way. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 45 (citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 604-05 (2001)). Once it has determined that the plaintiff is a prevailing party, the Court

---

[2] Approximately two months after the parties settled plaintiff's first motion for injunctive relief – the motion that led to the fee petition at issue here – the plaintiff filed a second motion for preliminary injunction to compel the District to comply with certain terms of that settlement. See 2d PI Mot. The motion was referred to the Special Master, who issued a Report and Recommendations in favor of the plaintiff, see R&R, which was adopted by the Court. See Jan. 7, 2014 Order. The parties subsequently reached an agreement with respect to attorneys' fees for the second preliminary injunction. See Notice of Settlement. The instant fee petition thus is confined to expenses incurred in litigating plaintiff's first preliminary injunction motion.

then must determine whether the fees sought are reasonable by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" – the so-called "lodestar" fee. Hensley v. Eckerhart, 461 U.S. at 433. See e.g., In re Olson, 884 F.2d 1415, 1423 n.13 (D.C. Cir. 1989); Sierra Club v. Jackson, 926 F. Supp. 2d 341, 346 (D.D.C. 2013).

On the issue of reasonableness, a plaintiff must submit supporting documentation with the motion for attorneys' fees, providing sufficient detail so that the Court can determine "*with a high degree of certainty*" that the hours billed were actually and reasonably expended, that the hourly rate charged was reasonable in view of the attorney's reputation and level of skill and experience with respect to this type of case, and that the matter was appropriately staffed to do the work required efficiently and without duplicative billing. In re Olson, 884 F.2d at 1423, 1428-29 (emphasis in original) (internal quotation omitted); see Hensley v. Eckerhart, 461 U.S. at 433; Blackman v. Dist. of Columbia, 397 F. Supp. 2d 12, 14 (D.D.C. 2005). At a minimum, a fee applicant must provide some information about the attorney's billing practices, hourly rates, and skill and experience, as well as the nature of the attorney's practice as it relates to this kind of litigation and the prevailing market rates in the community. Rooths v. Dist. of Columbia, 802 F. Supp. 2d 56, 60 (D.D.C. 2011); Blackman v. Dist. of Columbia, 397 F. Supp. 2d at 14-15. Once a plaintiff has provided such information, there is a presumption that the number of hours billed and the hourly rate are reasonable, and the burden shifts to the defendant to rebut the plaintiff's showing of reasonable hours and reasonable hourly rates for attorneys of the relevant level of skill and expertise. See Watkins v. Vance, 328 F. Supp. 2d 23, 26 (D.D.C. 2004). "[I]n the normal case the Government must either accede to the applicant's requested rate or provide specific contrary evidence tending to show that a lower rate would be appropriate." Covington v. Dist. of Columbia, 57 F.3d 1101, 1109-10 (D.C. Cir. 1995) (quoting Nat'l Ass'n of Concerned

4

Veterans v. Sec'y of Def., 675 F.2d 1319, 1326 (D.C. Cir. 1982)); see also Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 60.

III.  DISCUSSION

In support of her motion for fees, plaintiff has submitted an itemized invoice documenting the hours billed by the two attorneys and one paralegal who worked on this case and the bill of costs. Statement of Attorneys' Fees and Bill of Costs, Fee Mot. Ex. 19. Plaintiff also has filed declarations by the two attorneys and one paralegal attesting to their levels of experience and billing practices. Declaration of Charles Moran ("Moran Decl."), Fee Mot. Ex. 15; Declaration of Tanjima Islam ("Islam Decl."), Fee Mot. Ex. 17; Declaration of Steve Nabors ("Nabors Decl."), Fee Mot. Ex. 18.

The District opposes the motion on the grounds that plaintiff cannot achieve "prevailing party" status under a settlement agreement and that the number of hours and the hourly rates billed by plaintiff's counsel are unreasonably high. See Fee Opp. These arguments are addressed in turn.

*A.  Fees May Be Awarded For A Settlement Agreement Entered Into Under Supervision Of The Special Master*

As a procedural matter, the District objects to paying any fees because the plaintiff has not received a judicial decision and therefore is not a prevailing party. See Fee Opp. at 7-9. This argument is foreclosed by this Court's decision in Blackman v. Dist. of Columbia, 328 F. Supp. 2d 36 (D.D.C. 2004), where the Court held that a settlement agreement entered into under the supervision of the Special Master in this case is sufficient to effect a judicially sanctioned change in the legal relationship between two parties. Id. at 44-45.

In its 2004 Blackman decision, the Court observed that plaintiffs who obtain favorable settlements outside of court typically are not "prevailing parties" under the Supreme Court's decision in Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, as there has been no judicially sanctioned alteration in the parties' legal relationship. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 41-42. The Court went on to explain, however, that the Blackman/Jones case – and the settlements reached in this case through the Special Master's efforts – are unique. In this class action, the legal relationship between the District and the individual class members changed upon the Court's 1998 Order holding the District liable for violations of the IDEA. Id. at 39, 45; see Blackman v. Dist. of Columbia, Civ. Action Nos. 97-1629/97-2402, 1998 U.S. Dist. LEXIS 23889 (D.D.C. June 3, 1998). Although the Court did not issue a class-wide injunction at the time, the Court appointed a Special Master in 1999 "'for the limited purposes of assisting the Court in resolving the requests for immediate injunctive relief,'" to "'ensure that the noncompliance with the IDEA which gave rise to liability does not cause irreparable injury to any individual class member pending the determination of class-wide relief.'" Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 39 (quoting Blackman v. Dist. of Columbia, 185 F.R.D. 4, 5 (D.D.C. 1999)).

Given these circumstances, the Court found that the settlement agreements negotiated by the Special Master were not typical, out-of-court settlements – rather, they served to actualize the change in the parties' legal relationship that occurred with the Court's finding of liability in 1998. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 44-45. The Court also found that "[a]s the Court's agent . . . the Special Master provides the process with sufficient Court oversight to ensure that the concerns expressed in Buckhannon regarding requisite judicial *imprimatur* of settlements are met." Id. at 45.

This Court's 2004 Blackman decision established the law of the case on this issue, and the District has not provided any basis for reconsidering that decision. The Court has reviewed the legal authorities cited by the District, including Alegria v. Dist. of Columbia, 391 F.3d 262 (D.C. Cir. 2004), and Smith ex rel. Battle v. Dist. of Columbia, 117 F. App'x 767, 768 (D.C. Cir. 2004), and finds these cases distinguishable. See generally Alegria v. Dist. of Columbia, 391 F.3d 262 (finding that parties that obtained favorable settlements *prior* to administrative proceedings were not "prevailing" under Buckhannon); Smith ex rel. Battle v. Dist. of Columbia, 117 F. App'x at 768 (same).

The District attempts to distinguish the present dispute from the Court's 2004 decision, but that decision – unlike the D.C. Circuit's opinions in Alegria and Smith – is directly on point. In both matters, the plaintiffs obtained favorable settlement agreements or hearing officer determinations at the administrative level. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 39-40; R&R at 2-4. In both matters, the plaintiffs then filed preliminary injunction motions in Blackman/Jones to enforce these settlement agreements and hearing officer determinations. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 40; PI Mot. In both matters, the motions were referred to the Special Master, who facilitated resolutions in which the plaintiffs obtained relief. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 40; R&R at 5-7; see supra at 2-3. And in both matters, the preliminary injunction motions were then denied as moot by this Court. Blackman v. Dist. of Columbia, 328 F. Supp. 2d at 40; Minute Order of August 5, 2013. Under the law of the case, the plaintiff is a prevailing party and is entitled to reasonable attorneys' fees.

### B. The Hourly Rates Are Reduced

Plaintiff seeks fees for the services of two lawyers and one paralegal, to be paid at the following rates: $505 per hour for Charles A. Moran, an attorney with 47 years of litigation

experience, 25 years primarily in the field of special education; $245 per hour for Tanjima Islam, an attorney with less than one year of litigation experience, primarily in the field of special education; and $145 per hour for Steve Nabors, who was working as a paralegal at the time. Fee Mot. at 7-8; see Moran Decl. ¶¶ 3, 10; Islam Decl. ¶¶ 3, 4, 7; Nabors Decl. ¶¶ 1, 7.

The hourly rates invoiced for the Mr. Moran and Mr. Nabors are the equivalent of those established by the so-called Laffey Matrix. See Laffey Matrix – 2003-2014, *available at* http://www.justice.gov/usao/dc/divisions/Laffey_Matrix%20214.pdf. That schedule of attorneys' fees, first developed based on information about the prevailing rates charged by federal litigators in the District of Columbia, is maintained by the United States Attorney's Office for the District of Columbia. See id. n.1-3. In this circuit, the rates contained in the Laffey Matrix are typically treated as the highest rates that will be presumed to be reasonable when a court reviews a petition for statutory attorneys' fees. See Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 61; Blackman v. Dist. of Columbia, 59 F. Supp. 2d at 43.

Although the USAO Laffey Matrix provides an appropriate starting point for a determination of a reasonable rate, the rates contained in the matrix represent, as already noted, presumptive *maximum* rates. Furthermore, those maximum rates are appropriately paid in actions constituting "complex federal litigation." Covington v. Dist. of Columbia, 57 F.3d at 1103. Many judges of this Court, including the undersigned, generally cap attorneys' fees at three-quarters of the Laffey rate for routine IDEA cases – where the claims involve "simple facts, little evidence, and no novel or complicated questions of law." Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 63; see McAllister v. Dist. of Columbia, — F. Supp. 2d —, 2014 WL 2921020, at *4 (D.D.C. 2014) (collecting cases); Sykes v. Dist. of Columbia, 870 F. Supp. 2d 86, 96 (D.D.C. 2012). The District asserts that this case is straightforward and does not

8

involve novel or complicated questions of law, and therefore fees at a rate equal to three-quarters the Laffey rate are appropriate. Fee Opp. at 10-13. Plaintiff argues that this case was not a straightforward IDEA claim because "it required joining a federal class action, filing a preliminary injunction, and arguing before the Special Master before relief was obtained." Fee Mot. at 8-9.[3]

The Court agrees that plaintiff's motion for a preliminary injunction is much more akin to a routine IDEA case than the sort of complex litigation that would merit compensation at the full Laffey rate. The dispute was presented and resolved in a relatively informal setting before the Special Master. Plaintiff has not shown that the case involved complicated legal or evidentiary issues. Under these circumstances, the Court finds that Mr. Moran's hourly rate should be capped at $382.50, equal to three-quarters of the relevant Laffey rate.[4] Because the difficulty of work performed by paralegals is unlikely to vary in accordance with the complexity of legal issues litigated in the case, however, the Court does not apply the cap of three-quarters the Laffey rate to paralegal/clerk work. Accordingly, the Court finds that Mr. Nabors' rate should remain at $145 per hour.

The District further challenges Ms. Islam's hourly rate of $245, the Laffey rate for an attorney who has been practicing law for one to three years. Fee Opp. at 13. The Court agrees that this rate is excessive, as Ms. Islam was not admitted to the District of Columbia Bar

---

[3] Plaintiff also argues that the fee award should be upwardly adjusted because the District litigated in bad faith. Fee Mot. at 10-16. The Court does not find evidence of bad faith meriting an increase in the fee award.

[4] In their papers, both parties indicate that the relevant Laffey rate is $505, representing the June 2012 – May 2013 rate for an attorney with 20 or more years of experience. See Declaration of Charles A. Moran ¶ 11, Ex. 15 to Fee Mot.; Fee Opp. at 13. Because Mr. Moran's services were rendered in June 2013 through August 2013, however, the Court relies on the rate for June 2013 – May 2014, which is $510 per hour. See Laffey Matrix – 2003-2014.

until July 12, 2013, *after* the majority of her contribution to the present case. Islam Decl. ¶ 3; see Electronic Privacy Info. Ctr. v. United States Dep't of Homeland Sec., 982 F. Supp. 2d 56, 61 (D.D.C. 2013) (holding that the Laffey rate for an attorney "does not kick in until the graduate is admitted to a bar, and work by graduates who have not yet been admitted to any bar shall be compensated at the paralegal/clerk rate"). Accordingly, the Court finds that Ms. Islam's rate will be the $145 hourly rate for paralegals for all work done prior to her admission to the bar. For reasons explained *supra*, Ms. Islam's rate for all work done after admission to the bar will be capped at $187.50, equal to three-quarters the relevant Laffey rate.[5]

In addition, the District argues that the billing statement contains items that should be billed at a further reduced rate. The District asserts that Mr. Moran's travel to and from the conference before the Special Master should be compensated at half his hourly rate. Fee Opp. at 15. The Court agrees and will reduce the award for the July 10, 2013 billing entries regarding travel accordingly. See Cooper v. United States R.R. Retirement Bd., 24 F.3d 1414, 1417 (D.C. Cir. 1994) (allowing fees for travel time at half the attorney's hourly rate); Doe v. Rumsfeld, 501 F. Supp. 2d 186, 193 (D.D.C. 2007) (same).

The District also contends that all fees for preparation of the fee motion should be awarded at half the Laffey rate because the litigation for fees involved no complicated issues or extensive preparation. Fee Opp. at 16. The Court disagrees. The District contested plaintiff's motion for attorneys' fees and raised legal issues that went beyond standard reasonableness of

---

[5] In their papers, both parties indicate that the relevant Laffey rate is $245, again representing the June 2012 – May 2013 rate for an attorney with 1-3 years of experience. See Islam Decl. ¶ 7; Def.'s Opp. Fee Mot. at 13. Because Ms. Islam's services as an attorney were rendered in August 2013, however, the Court relies on the rate for June 2013 – May 2014, which is $250 per hour. See Laffey Matrix – 2003-2014.

hours arguments. Accordingly, the Court will not further reduce the hourly rate for the billing entries involving preparation of the fee motion.

*C. The Hours Billed Are Reduced In Part*

The District argues that plaintiff's invoice contains several vague and unwarranted billing entries that appear to serve no purpose in furtherance of plaintiff's claim. Fee Opp. at 14-15. As noted above, the documentation provided by plaintiffs must contain sufficient detail to permit the Court to determine "*with a high degree of certainty*" that the hours billed were reasonable. In re Olson, 884 F.2d at 1428-29 (emphasis in the original). The District asserts that the billing entry for Mr. Nabors' 30 minute telephone call with outside counsel Doug Tyrka "re: Injunctive relief under Jones" is vague and unwarranted because Mr. Nabors could have instead had a discussion with his boss, Mr. Moran. Fee Opp. at 14. While excessive collaboration with outside counsel might be unreasonable, the consultation with outside counsel on this issue was brief and, as plaintiff points out, less expensive than the District's proposed alternative. Under the government's scenario, the plaintiff should have billed for Mr. Nabors' time *plus* Mr. Moran's time. Here, only Mr. Nabors' time was billed, as Mr. Tyrka did not charge plaintiff for his time. The Court concludes that this fee is reasonable.

The District similarly challenges seven entries, dated July 1 and July 3, 2013, documenting plaintiff's counsel's collaboration with Jones Class Counsel as vague with unclear purpose. Fee Opp. at 14-15. The billing entries, however, indicate the subject of the conversations, and requiring further detail would be overly burdensome. Furthermore, the time expended on the collaboration was just 102 minutes and seems quite reasonable. Accordingly, the Court finds these charges to be sufficiently detailed and will award these fees.

11

The District next asserts that the two entries dated July 23, 2013, regarding Mr. Moran's email correspondence with the Special Master "re: second due process complaint" are "wholly irrelevant" because the correspondence occurred after plaintiff had filed a status report notifying the Court that the parties had reached an agreement. Fee Opp. at 15. The Court agrees that these entries do not appear to relate to the preliminary injunction motion at issue here, see supra at note 2, and therefore will deduct eighteen minutes.

The District also contends that the three entries dated June 5, 2013 concerning emails with class counsel regarding facts on timeliness are "irrelevant because there was no timeliness issue in this case." Fee Opp. at 14. The Court disagrees and will award these fees, as the preliminary injunction motion clearly involved an issue regarding the timeliness of providing art therapy sessions. See PI Mot. at 7-8.[6]

Accordingly, it is hereby

ORDERED that [Dkt. No. 2352] plaintiff's motion for attorneys' fees is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that the District of Columbia shall pay plaintiff $20,162.75, representing $20,090.50 in attorneys' fees and $72.25 in costs, on or before August 18, 2014. If this amount is not paid on or before August 18, 2014, it will bear interest at the rate established by 28 U.S.C. § 1961 from August 19, 2014.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: July 17, 2014
United States District Court

---

[6] A calculation of the fees awarded by this Order is reproduced in the Appendix.

APPENDIX: ATTORNEYS' FEES AWARDED

| Attorney/Paralegal | Hours Billed | Hours Accepted by the Court | Hourly Rate Billed | Hourly Rate Applied by the Court | Fees per Attorney/Paralegal |
|---|---|---|---|---|---|
| *Moran* | 18.8 | 18.5 | $505.00 | $382.50 | $7,076.25 |
| *Moran (travel time)* | 0.8 | 0.8 | $505.00 | $191.25 | $153.00 |
| *Islam (before admitted to DC Bar)* | 46.5 | 46.5 | $245.00 | $145.00 | $6,742.50 |
| *Islam (after admitted to DC Bar)* | 7.5 | 7.5 | $245.00 | $187.50 | $1,406.25 |
| *Nabors* | 32.5 | 32.5 | $145.00 | $145.00 | $4,712.50 |
|  |  |  |  |  |  |
| TOTAL: | 106.1 | 105.7 |  |  | $20,090.50 |