UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MIKEISHA BLACKMAN, et al.,         )
                                    )
       Petitioners,                )
                                    )
v.                                  )   Civil Action No. 97-1629 (PLF)
                                    )
DISTRICT OF COLUMBIA, et al.,       )
                                    )
       Defendants.                 )
_____     )

MEMORANDUM OPINION AND ORDER

       This spring, a hearing officer in the District of Columbia's Office of the State Superintendent of Education ordered the District of Columbia Public Schools ("DCPS") to hold an Individualized Education Program ("IEP") team meeting to review and revise petitioner Jayshawn Douglas' educational services. DCPS held a meeting, but forcibly excluded Douglas' attorney and failed to properly implement the recommendations in his various assessments, in clear violation of the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1414(d)(1)(B)(vi).

       Petitioner filed this motion seeking a preliminary injunction to require DCPS to convene a proper IEP team meeting with his counsel present. DCPS ultimately did hold a proper IEP team meeting, correcting their previous failures. This motion was referred to the Special Master who recommends denying the motion. Douglas filed objections to the Special Master's Report, to which the District of Columbia filed a response. Upon careful consideration of the parties' papers, the Special Master's Report and Recommendation, and the entire record, the

Court will deny Douglas' motion for a preliminary injunction as moot because he has already received his requested relief.[1]

I. BACKGROUND

The Special Master and the parties generally agree on the relevant facts. Douglas is an eighteen-year-old student with disabilities who is entitled to special education services under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1400 et seq.; Mot. at 2.[2] After an administrative due process hearing, a hearing officer ordered DCPS to, among other things, convene a meeting of Douglas' Individualized Education Program ("IEP") team by May 23, 2014 to: (1) review his various assessments; (2) determine whether additional assessments are warranted; (3) review and revise his IEP; and (4) discuss and determine an appropriate location of services. Mot. at 5.[3]

Douglas agreed to extend the date of the IEP meeting to May 27, 2014, but was unable to attend after his daughter fell ill. Mot. at 5; Rep. at 3. Douglas instructed Steve Nabors,

---

[1] The papers considered in connection with the pending motion include: petitioner's motion for preliminary injunction ("Mot.") [Dkt. No. 2468]; defendant's opposition to petitioner's motion for a preliminary injunction ("Opp.") [Dkt. No. 2470]; the Special Master's Report and Recommendation ("Rep.") [Dkt. No. 2479]; petitioner's objection to the Special Master's Report and Recommendation ("Obj.") [Dkt. No. 2483]; and defendant's response to petitioner's objections ("Obj. Opp.") [Dkt. No. 2486].

[2] In a separate case, this Court found that DCPS denied Douglas an educational placement for the fall semester of 2013 and issued a "stay-put" injunction requiring DCPS to maintain Douglas' placement until the resolution of the administrative proceedings at issue here. See Douglas v. District of Columbia, 4 F. Supp. 3d 1 (D.D.C. 2013); Mot. at 2.

[3] An IEP team consists of teachers of the student, a representative of DCPS, an individual capable of interpreting the evaluation results, and, "at the discretion of the parent or agency, other individuals who have knowledge or special expertise regarding the child." 20 U.S.C. § 1414(d)(1)(B)(vi). Because Douglas is an adult, the discretion to determine who "has knowledge or special expertise" is his. 20 U.S.C. § 1415(m).

his attorney and a member of the IEP team, to attend the meeting in his absence. Mot. at 5. DCPS, however, refused to admit Mr. Nabors to the meeting. Id. DCPS's attorney then instructed the case compliance manager to call the Metropolitan Police Department, who removed Mr. Nabors from the premises. Id. The meeting then proceeded without Douglas or his attorney. Id.[4] Afterwards, DCPS even refused to provide Mr. Nabors with Douglas' educational records, although they did send an email "requesting a follow-up meeting to ensure Mr. Douglas' participation in his educational program." Rep. at 8. In the meantime, an IEP deemed legal by the District was developed from the May 27 meeting. Id. at 5.

Shortly thereafter, Douglas filed this motion for a preliminary injunction. In response, DCPS contacted Douglas directly, without the knowledge of his counsel, and offered him an "alternative compensatory education package," i.e., an Apple iPad, if he attended an IEP meeting scheduled for June 5, 2014. Rep. at 4. DCPS did not inform Mr. Nabors of that

---

[4] Counsel for Mr. Douglas described what happened as follows:

> At the onset of the IFP meeting, Mr. Nabors informed the team that Mr. Douglas could not attend because he was with his daughter, but that Mr. Douglas had instructed him to proceed in his absence or to request a rescheduling of the meeting. In response, DCPS' attorney, Mr. [Daniel] McCall, instructed DCPS' case compliance manager to exclude Mr. Nabors and proceed with the IEP meeting. In response, Mr. Nabors read aloud the language from the HOD and stated that he was a member of the IEP team. DCPS' attorney replied, "No, you're not." DCPS' attorney then stated to the case compliance manager, "you know what to do." The case compliance manager then called the school's Metropolitan Police Department ("MPD") resource officer. After MPD came to the room and Mr. Nabors was instructed to leave by school personnel, he complied with these instructions and was escorted to the main office. DCPS then proceeded to have the IEP meeting without Mr. Douglas or his counsel. However, DCPS counsel remained on the phone for the remainder of the meeting.

Mot. at 5-6.

3

meeting.  Id.  After learning of the planned meeting from his client, Mr. Nabors alerted the Special Master who arranged for the IEP meeting to be rescheduled to June 12, 2014.  Id. at 6.  Mr. Nabors, the Special Master, and Douglas attended the meeting.  Id. at 6-7.  Douglas' IEP was substantially amended as follows:

1. Douglas' disability classification was changed from "Other Health Impairment" to include "Specific Learning Disability," and modified to "Multiple Disabilities," as had been recommended by his assessments;

2. The IEP was changed to reflect that Douglas' attention deficit and hyperactivity disorder "adversely affects his educational performance," instead of Douglas' truancy, which had previously been listed;

3. Specific test scores, as opposed to broad ranges, were included;

4. A recommendation for an increase in behavior support services was added;

5. Douglas' classroom and statewide assessment accommodations were increased to require flexible scheduling, test administration over several days, test administration at a convenient time of day for student, and breaks during subtests as necessary; and

6. Douglas' compensatory education award was increased to 130 hours of one-on-one tutoring beginning in the 2014-2015 school year.

Rep. at 6-7.

The Special Master issued her recommendation soon after and concluded that DCPS had complied with the February 24, 2014 hearing officer decision ("HOD").  Rep. at 9.  The Special Master recommended that Douglas' motion be denied, noting that, despite the "egregious" and "indefensible" conduct of counsel for DCPS, "the injunctive process is not the appropriate forum to address the ethical behavior of DCPS employees, substantive effects of the IEP, or failures in internal administrative procedures."  Id. at 8-9.

II.  DISCUSSION

*A.  Petitioner's Motion for a Preliminary Injunction*

Douglas seeks an injunction ordering DCPS to implement the provisions of the February 24, 2014 HOD, which ordered DCPS to "conduct a battery of assessments and 'convene a meeting of student's IEP team.'"  Mot. at 1, 5.  Neither party disputes that the proper assessments eventually were conducted.  Douglas, however, argues that the District failed to properly convene a meeting of his IEP team when DCPS forcibly excluded his attorney, who had represented Mr. Douglas for eight months, from the May meeting.  Id. at 8.  The Court agrees.  Because Douglas designated Mr. Nabors to attend the meeting as an "individual who ha[s] knowledge or special expertise regarding the child," Mr. Nabors is a member of the IEP team.  See 20 U.S.C. § 1414(d)(1)(B)(vi).  The "IEP team" therefore did not meet as required by the HOD when DCPS barred Mr. Nabors from attending.  The Court therefore disagrees with the Special Master's conclusion that "an IEP meeting was convened on May 27th."  Rep. at 9.  The May 27, 2014 meeting was a nullity. See, e.g., M.L. v. Fed. Way Sch. Dist., 387 F.3d 1101, 1115 (9th Cir. 2004) (holding that an IEP team that excludes "the individuals identified by Congress as necessary participants" is "illegally constituted").

A meeting of the IEP team did occur, however, on June 12, 2014, although DCPS missed the deadline imposed by the HOD.  Rep. at 6-7.  As noted, supra at 4, Douglas' IEP was substantially amended as a result of that meeting.  Douglas' motion therefore is moot because he has already received the relief he requests: a proper meeting of the IEP team that correctly implements the recommendations of Douglas' assessments.  See Rep. at 6-7 (describing the corrections and changes made to Douglas' IEP at the June 12 meeting); see also Monzillo v.

Biller, 735 F.2d 1456, 1459 (D.C. Cir. 1984) ("In general, a case becomes moot where the activities for which an injunction is sought have already occurred and cannot be undone.").

Douglas nevertheless argues that he is entitled to relief because DCPS failed to implement the HOD within the allotted time frame. Obj. at 4-7. He also argues that an injunction is still necessary because DCPS has not updated Douglas' IEP to reflect the changes made at the June 12, 2014 IEP meeting. Id. at 7. An injunction, however, would not be a proper remedy for any harm caused by DCPS's delay in updating the IEP. See 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (2d ed. 1995) ("A preliminary injunction usually will be denied if it appears that the applicant has an adequate alternative remedy in the form of money damages or other relief."). And it appears that DCPS has now corrected the IEP to properly reflect the increase in Douglas' services as a result of the June 12 IEP team meeting. Obj. Opp. Ex. 1.

*B. Sanctions and Attorneys' Fees*

The Court agrees with the Special Master that defendants' conduct in this case was "totally indefensible" and "egregious." Rep. at 8. Enlisting the police to forcibly remove a disabled student's attorney from a meeting concerning that student's special education needs — a meeting that the attorney has a statutory right to attend — is deplorable, particularly when a lawyer for the District of Columbia directed that such action be undertaken. Moreover, this Court is deeply concerned that DCPS later approached petitioner, who DCPS knew was represented by counsel, ex parte and offered him an iPad in what appears to have been an effort to bribe him to attend an IEP team meeting alone and avoid the student's attorney because DCPS "staff was frustrated by the counsel's tactics." Rep. at 8-9. DCPS therefore will be ordered to show cause why sanctions under 28 U.S.C. § 1927 or this Court's inherent authority, in the form

6

of attorneys' fees and costs, should not be awarded for petitioner's counsel's time and effort in this case, and why appropriate sanctions including, but not limited to, possibly the referral to the Office of Bar Counsel, should not be imposed on DCPS Assistant General Counsel Daniel McCall.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that [Dkt. No. 2468] petitioner Jayshawn Douglas' motion for a preliminary injunction is DENIED AS MOOT; it is

FURTHER ORDERED that [Dkt. No. 2479] the Special Master's Report and Recommendation is ADOPTED in part and REJECTED in part; it is

FURTHER ORDERED that [Dkt. No. 2483] petitioner's objections to the Special Master's Report and Recommendation are OVERRULED IN PART and SUSTAINED IN PART; and it is

FURTHER ORDERED that, on or before November 28, 2014, the defendant shall show cause in writing why sanctions, in the form of attorneys' fees and costs and appropriate sanctions with respect to Daniel McCall, should not be imposed.  The plaintiff shall file a response on or before December 12, 2014.  The defendant shall file a reply, if any, on or before December 19, 2014.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 4, 2014