## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
MIKEISHA BLACKMAN, et al.,                       )
                                                 )
                Plaintiffs,                      )
                                                 )   Civil Action No. 97-1629 (PLF)
v.                                               )   Consolidated with
                                                 )   Civil Action No. 97-2402 (PLF)
DISTRICT OF COLUMBIA, et al.                      )
                                                 )
                Defendants.                      )
_____  )

## JOINT MOTION TO TERMINATE
## THE CONSENT DECREE AND TO DISMISS THE CASE

Pursuant to Paragraph 148 of the Consent Decree, Plaintiffs and Defendants move the Court to terminate the remaining *Jones* portion of the Consent Decree[1] and to dismiss the case in its entirety, thus restoring the administration of the District's special education program to the full control of the government of the District of Columbia.[2]

As more fully explained in the accompanying memorandum of points and authorities, Defendants have complied with the termination criteria agreed upon by the parties and enumerated in paragraph 148 of the Consent Decree,[3] and their compliance has been corroborated by the Court Monitor in his 2013-2014 School Year Report (Dkt. No. 2496). First, Defendants have eliminated the *Jones* initial backlog. Second, as of June 30, 2014, Defendants timely implemented in excess of 90% of HODs and SAs during the period from July 1, 2013, to June 30, 2014. Finally, as of June 30, 2014, no case was more than 90 days overdue.

---

[1] The *Blackman* portion of the Consent Decree was previously terminated on July 5, 2011 (Dkt. No. 2259).

[2] Defendants hereby withdraw their pending Motion to Terminate (Dkt. No. 2485).

[3] These requirements are: (1) Elimination of the *Jones* initial backlog; (2) at least 90% of Hearing Officer Determinations (HODs) and Settlement Agreements (SAs) must be timely implemented during the preceding 12 months; and (3) no case is more than 90 days overdue.   (Consent Decree at ¶ 148.)

Demonstration of these criteria satisfies the requirements for vacatur.  (Consent Decree at ¶¶ 148-149.)

Further, pursuant to paragraph 150 of the Consent Decree, termination of the *Jones* portion of this litigation will result in termination of the entire Consent Decree, and "any proceedings initiated by class counsel or the Monitor related to such provisions [of the Consent Decree] shall terminate."  (Consent Decree at ¶ 150.)  As such, the parties request that the Court vacate the Consent Decree in its entirety.

Pursuant to Paragraph 149 of the Consent Decree and consistent with Local Rule 7(m), Defendants provided notice to Class Counsel and the Court Monitor on July 30, 2014, that they believe they achieved compliance with the exit criteria set forth in Paragraph 148 of the Consent Decree.  The Court Monitor has independently determined that Defendants have met the compliance requirements for termination, and Plaintiffs accept the Monitor's determination. This request for relief is one made jointly by Plaintiffs and Defendants.

A proposed order accompanies the parties' request for relief.

DATE:  December 2, 2014          Respectfully Submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

/s/ Ellen Efros
ELLEN EFROS, D.C. Bar No. 250746
Deputy Attorney General
Public Interest Division

/s/ Chad Copeland
CHAD COPELAND, D.C. Bar No. 982119
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
Telephone: (202) 724-6623
Facsimile: (202) 741-8880

Email: chad.copeland@dc.gov

ATTORNEYS FOR DEFENDANTS

and

/s/ _____

IRA A. BURNIM (Bar No. 406154)
JULIA M. GRAFF (Bar No. 983511)
LEWIS BOSSING (Bar No. 984609)
JUDGE DAVID L. BAZELON CENTER FOR
MENTAL HEALTH LAW
1101 Fifteenth Street, NW, Suite 1212
Washington, D.C. 20005
Tel: 202-467-5730
Fax: 202-223-0409
Email:     irab@bazelon.org
               juliag@bazelon.org
               lewisb@bazelon.org

JANE I. RYAN (Bar No. 367283)
LINDSEY LANG (Bar No. 367002)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Tel:  202-429-6294
Fax:  202-251-0507
Email:     jryan@steptoe.com
               llang@steptoe.com

ATTORNEYS FOR PLAINTIFF CLASS

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
MIKEISHA BLACKMAN, et al.,                   )
)
       Plaintiffs,                            )
)   Civil Action No. 97-1629 (PLF)
v.                                           )   Consolidated with
)   Civil Action No. 97-2402 (PLF)
DISTRICT OF COLUMBIA, et al.                 )
)
       Defendants.                           )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' JOINT MOTION TO TERMINATE THE CONSENT DECREE AND TO DISMISS THE CASE

Plaintiffs and Defendants hereby submit this memorandum of points and authorities in support of their Motion to Terminate the Consent Decree and to Dismiss this Case in its entirety.

## INTRODUCTION

Termination of the *Jones* litigation is governed by paragraph 148 of the Consent Decree (Dkt. No. 1859-1.)  Paragraph 148 provides:

> Defendants may file a motion seeking termination of the Jones case when the following criteria have been met:
> a.  Defendants have eliminated the Jones initial backlog; and
> b.  During the preceding 12 months, 90% of HODs/SAs were timely implemented during the measurement period; and
> c.  No case is more than 90 days overdue.

(Consent Decree at ¶ 148.)  Further, the Consent Decree provides that "[i]f class counsel and the Monitor are satisfied that such compliance has been shown, the parties shall file a joint motion seeking dismissal of the underlying Jones portion of the case[.]"  (Consent Decree at ¶ 149.)

As more fully explained herein, Defendants have complied with the termination criteria of the Consent Decree.  The *Jones* Initial Backlog has been eliminated.  (Consent Decree at ¶ 148(a).)

Defendants have timely implemented over 90% of HODs and SAs during the 2013-2014 School Year (Consent Decree at ¶ 148(b)), and as of June 30, 2014, no cases remained more than 90 days overdue for implementation.  (Consent Decree at ¶ 148(c).)  No other requirements exist for vacatur. Thus, under the terms of the Consent Decree, termination of the *Jones* portion of the case—and of this litigation in its entirety—should be ordered.  Accordingly, consistent with paragraph 149 of the Consent Decree, Plaintiffs and Defendants jointly ask the Court to affirm Defendants' compliance with the termination criteria and to dismiss this litigation.

## RELEVANT BACKGROUND

This lawsuit is a class action filed by Plaintiffs nearly two decades ago alleging systemic deficiencies in the failure to timely implement Hearing Officer Decisions ("HODs") and Settlement Agreements ("SAs") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*  The *Jones* class is defined in the Consent Decree thusly:

> All children, now [as of January 1, 1995] and in the future, who are entitled to have DCPS provide them with a free appropriate public education (FAPE) and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provisions of FAPE that DCPS has negotiated with child's parent or education advocate.

(Consent Decree at 10-11.)

At the time the *Jones* portion of the lawsuit was filed in 1997, Defendants were unquestionably failing in their obligations to timely implement HODs and SAs for special education children in the District of Columbia.  The conditions were so dire that the District was subject to a directive from the United States Department of Education's Office of Special Education Programs ("OSEP") to submit to it Monthly Due Process Hearing Compliance Reports on HOD implementation.  (Complaint at ¶ 10.)  As of September 19, 1997, "DCPS had a

90 percent rate of noncompliance with [implementation of] impartial hearing officers determinations and orders" issued from the preceding four months. (Complaint at ¶ 17.)

Defendants' inability to correct the deficiencies in HOD and SA implementation gave rise to the *Blackman Jones* Consent Decree. (Dkt. No. 1859-1.) As indicated in the Decree, as of March 1, 2006, Defendants remained overdue in implementing 2,521 HODs and SAs. (Consent Decree at 6-7.) Yet, over the subsequent eight and a half years, Defendants have steadily progressed in their compliance efforts. (*See* Court Monitor's Report on the 2012-2013 School Year (Dkt. No. 2428) at 4 ("The condition of special education and related services in the District of Columbia and the management of due process complaints and the implementation of HODs/SAs unquestionably have improved vastly from the time when the Consent Decree was signed. Performance on critical measures such as timely IEPs, evaluations and re-evaluations has improved steadily and achieved several of the benchmarks of compliance contained in the Action Plan attached to the Consent Decree[.]").) Defendants believe that the progress regarding Defendants' compliance with the *Blackman Jones* Consent Decree mirrored an overall improvement of special education generally within the District of Columbia.

According to the negotiated terms of the Consent Decree, the parties agreed that termination of the *Jones* portion of the litigation would occur when three criteria were achieved: (1) Defendants must eliminate the *Jones* initial backlog; (2) 90% of HODs and SAs must be timely implemented during the preceding 12 months; and (3) no case could be more than 90 days overdue for implementation. (Consent Decree at ¶ 148.) No further obligations on Defendants exist for termination. Further, the Consent Decree itself terminates "[w]hen both the Blackman and Jones portions of the case are dismissed[.]" (Consent Decree at ¶ 150.)

As explained more herein, the time for termination of the *Jones* portion of the litigation—of this litigation in its entirely—has arrived.  Defendants have achieved each of the three criteria required for termination, an achievement corroborated by the Court Monitor.  First, Defendants eliminated the *Jones* Initial Backlog on November 1, 2008.  Second, as of June 30, 2014, more than 90% of HODs and SAs were timely implemented during the preceding twelve months.  Third, as of June 30, 2014, no cases were more than 90 days overdue.  Accordingly, termination of the Consent Decree and dismissal of this case are appropriate, and the parties respectfully request the Court grant this Motion.

## ARGUMENT

I.   **Defendants Have Complied With All Termination Requirements of the Consent Decree.**

As noted above, entitlement to termination of the *Jones* portion of the Consent Decree is straightforward.  Paragraph 148 provides that the *Jones* case will terminate when:

- Defendants have eliminated the *Jones* initial backlog; and

- During the preceding 12 months, 90% of Hearing Officer Determinations  (HODs) and Settlement Agreements (SAs) were timely implemented during the measurement period; and

- No case is more than 90 days overdue.

(Consent Decree at ¶ 148.)  As explained herein, Defendants achieved compliance with all three requirements as of June 30, 2014.

### A. Defendants Eliminated the *Jones* Initial Backlog on November 1, 2008.

The "*Jones* Initial Backlog" consisted of those HODs and SAs issued prior to March 1, 2006, that were overdue.  (Consent Decree at 11.)  2,521 HODs and SAs comprised the initial backlog.  (Consent Decree at 6-7.)  Defendants successfully eliminated the *Jones* initial backlog on November 1, 2008.  (Ex. A, Declaration of Carla Watson.)  Compliance with the first metric

4

thus has been established for nearly six years. (*See also* Monitor's Report on the 2013-2014 School Year (Dkt. No. 2496) at 3, n.1.)

### B. As of June 30, 2014, Defendants timely implemented more than 90% of HODs and SAs.

In response to a recommendation by the Court Monitor in this case, OSSE conducts a State Final Review ("SFR") of the timeliness of implementation of all HODs and SAs by every LEA in the District of Columbia. The SFR is performed by OSSE's Compliance and Monitoring Unit according to the requirements of paragraphs 1-6 and 10, as well as Exhibits A-C, of the 2011 ADR Agreement and paragraphs 13-20 of the 2013 ADR Agreement (collectively, the *Jones* requirements). (Ex. B, Declaration of Victoria Glick at ¶ 4.) In its simplest terms, cases that meet the *Jones* requirements receive a final status of timely implemented; those that fail to meet the requirements are returned to the LEA for additional action and do not receive a final implemented status until such time as the OSSE state final reviewer is satisfied that implementation and documentation requirements have been met. (Ex. B, at ¶ 4; Ex. C, Declaration of Jennifer Masoodi at ¶ 5.)

The results of the SFR are logged and tracked in the Blackman Jones database, also maintained by OSSE. (Ex. D, Declaration of Alafia Johnson at ¶ 2.) For the period of July 1, 2013, through June 30, 2014, Defendants timely implemented more than 90% of HODs and SAs. (Monitor's Report on the 2013-2014 School Year (Dkt. No. 2496) at 12-14; Ex. E, Revised Exhibit 1 (revised on November 7, 2014).) Accordingly, this second criteria has likewise been satisfied by Defendants.

### C. As of June 30, 2014, no cases were more than 90 days overdue.

To achieve compliance with the last criteria, Defendants must demonstrate that no cases were more than 90 days overdue as of June 30, 2014. (Consent Decree at at ¶ 148(c).) As with

the timeliness calculation, the Blackman Jones database ensures that the number reported by Defendants is accurate.  The database design allows OSSE and DCPS users to easily identify any cases whose implementation status is overdue.  (Ex. D, at ¶ 4.)  Further, this data is updated each day, ensuring that the information is current, thus ensuring prompt attention is devoted to cases whose implementation is overdue.  (*Id.*)  Defendants' database reflected that no cases were more than 90 days overdue on June 30, 2014, (Ex. F, June 30, 2014 Quarterly Report).  The Court Monitor confirmed this fact in his End of Year Report, (Dkt. No. 2496 at 21).

Thus, the parties have presented the Court with evidence demonstrating compliance with all three termination requirements of Paragraph 148.  With these criteria established, the Court should now terminate the *Jones* portion of the case.

### III. Pursuant to Paragraph 150 of the Consent Decree, termination of the *Jones* portion of the case also terminates the remainder of this litigation.

Paragraph 150 of the Consent Decree provides that "[w]hen both the *Blackman* and *Jones* portions of the case are dismissed, as described in paragraphs 146 through 149, then the remaining provisions of the Consent Decree shall cease to be in effect and any proceedings initiated by class counsel or the Monitor related to such provisions shall terminate." (Consent Decree at ¶ 150.)  Because both *Blackman* and *Jones* will be dismissed due to full compliance with the requirements of the Consent Decree, this Court should find that the Consent Decree can, and should, be terminated and the entire case should be dismissed.

### CONCLUSION

On June 30, 2014, Defendants met the termination criteria of the Consent Decree.  Accordingly, pursuant to its terms, dismissal of the *Jones* portion and of the case as a whole is appropriate.  Plaintiffs and Defendants jointly request that the Court grant their Motion.

DATE:  December 2, 2014                    Respectfully Submitted,

                                           EUGENE A. ADAMS
                                           Interim Attorney General for the District of Columbia

                                           /s/ Ellen Efros
                                           ELLEN EFROS, D.C. Bar No. 250746
                                           Deputy Attorney General
                                           Public Interest Division

                                           /s/ Chad Copeland
                                           CHAD COPELAND, D.C. Bar No. 982119
                                           Assistant Attorney General
                                           441 Fourth Street, N.W.
                                           Sixth Floor South
                                           Washington, DC 20001
                                           Telephone: (202) 724-6623
                                           Facsimile: (202) 741-8880
                                           Email: chad.copeland@dc.gov

                                           ATTORNEYS FOR DEFENDANTS

                                               and

                                           /s/
                                           IRA A. BURNIM (Bar No. 406154)
                                           JULIA M. GRAFF (Bar No. 983511)
                                           LEWIS BOSSING (Bar No. 984609)
                                           JUDGE DAVID L. BAZELON CENTER FOR
                                           MENTAL HEALTH LAW
                                           1101 Fifteenth Street, NW, Suite 1212
                                           Washington, D.C. 20005
                                           Tel: 202-467-5730
                                           Fax: 202-223-0409
                                           Email:     irab@bazelon.org
                                                      juliag@bazelon.org
                                                      lewisb@bazelon.org


                                           JANE I. RYAN (Bar No. 367283)
                                           LINDSEY LANG (Bar No. 367002)
                                           STEPTOE & JOHNSON LLP
                                           1330 Connecticut Avenue NW
                                           Washington, DC  20036
                                           Tel:  202-429-6294
                                           Fax:  202-251-0507
                                           Email:     jryan@steptoe.com

7

llang@steptoe.com

ATTORNEYS FOR PLAINTIFF CLASS

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
MIKEISHA BLACKMAN, et al.,                          )
                                                    )
            Plaintiffs,                             )
                                                    )    Civil Action No. 97-1629 (PLF)
v.                                                  )    Consolidated with
                                                    )    Civil Action No. 97-2402 (PLF)
DISTRICT OF COLUMBIA, et al.                        )
                                                    )
            Defendants.                             )
_____           )

## ORDER

This matter is before the Court on a joint motion by the Plaintiffs and the Defendants to terminate *Jones, et al. v. District of Columbia, et al.*, Civil Action No. 97-2402 (PLF). After careful review of the submission of the parties, the parties' joint  motion is **GRANTED** for the reasons set forth in the motion.  The Consent Decree in this case is hereby **VACATED** in its entirety.  *Jones, et al. v. District of Columbia, et al.*, Civil Action No. 97-2402 (PLF), will be hereby **DISMISSED** with prejudice.

**SO ORDERED.**


Date: _____          _____
                              Hon. Paul L. Friedman
                              UNITED STATES DISTRICT COURT JUDGE


Copies to:  All Counsel of Record