UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKEISHA BLACKMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civil Action No. 97-1629 (PLF) |
| JAMES JONES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civil Action No. 97-2402 (PLF) |

## ORDER

On July 5, 2011, on joint motion of the parties, the Court ordered that the Blackman portion of this case be dismissed without prejudice pursuant to Paragraph 132 of the Consent Decree. Plaintiffs and defendants now jointly move to dismiss the remaining Jones portion of the case pursuant to Paragraph 149 of the Consent Decree and to terminate the Consent Decree in its entirety pursuant to Paragraph 150. Paragraph 149 provides that if class counsel and the Monitor are satisfied that compliance with Paragraph 148 has been achieved, "the parties shall file a joint motion seeking dismissal of the underlying Jones portion of the case,

which includes Section IV.C (timely implementation of HODs and SAs)." Blackman v. Dist. of Columbia, Consent Decree, 2006 WL 2456413, ¶ 149 (D.D.C. Aug. 24, 2006) [Dkt. No. 1873].

The Monitor, upon an independent review, concurs with the parties that defendants have now satisfied the Jones requirements. Report of the Monitor for the 2013-2014 School Year at 21-22 (Nov. 17, 2014) [Dkt. No. 2496]. The Court has carefully considered the parties' submissions, the report of the Monitor for the 2013-2014 school year, the representations made by counsel for the parties and the Monitor at a hearing held in open court on December 16, 2014, and the statements and commitments made at that hearing by the Mayor of the District of Columbia, the Chancellor of District of Columbia Public Schools, and the State Superintendent of Education for the District of Columbia. As explained more fully by the Court at the December 16 hearing, the Court finds that defendants have satisfied Paragraph 148 of the Consent Decree and, with various new protocols that are now in place, finds that the ability to provide timely hearings and hearing officer decisions and to timely implement those decisions is systemically sustainable. Therefore, pursuant to the terms of the Consent Decree executed by the parties and approved by the Court on August 24, 2006, it is hereby

ORDERED that the parties' joint motion to dismiss the Jones portion of this case [Dkt. No. 2500] pursuant to Paragraph 149 of the Consent Decree is GRANTED; it is

FURTHER ORDERED that, pursuant to Paragraph 150 of the Consent Decree, the Consent Decree in this case [Dkt. No. 1873] is VACATED and that Jones v. Dist. of Columbia, Civil Action No. 97-2402, and Blackman v. Dist. of Columbia, Civil Action No. 97-1629, are both DISMISSED with prejudice except to the extent that the Court retains jurisdiction for the limited express purposes specified below; and it is

FURTHER ORDERED that the Court will retain jurisdiction over the two remaining disputes that are pending before the Special Master or the Court. The Court will also retain jurisdiction to consider and award any fees or costs related to the Monitor or Special Master's work to date, work necessary to resolve the remaining disputes, and costs associated with the closure of the case. The Court will also retain jurisdiction to ensure compliance with its Order on Attorneys' Fees and Costs dated December 17, 2014 [Dkt. No. 2503].

SO ORDERED.

DATE: 12/18/14

PAUL L. FRIEDMAN
United States District Judge