UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIKEISHA BLACKMAN, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 97-1629 (PLF) |
| ) | Consolidated with |
| DISTRICT OF COLUMBIA, et al., ) | Civil Action No. 97-2402 (PLF) |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

        An evidentiary hearing was set for January 12, 2016 concerning this Court's November 4, 2014 order to show cause why sanctions should not be imposed upon Daniel McCall. By minute order of January 11, 2016, the Court granted McCall's motion to continue the hearing. In a Memorandum Opinion and Order dated January 14, 2016, the Court set a new date for the evidentiary hearing, May 31, 2016. It noted that the matter had been postponed before and that nearly six months had elapsed since the originally scheduled date. It also expressly stated that "no further continuances of the evidentiary hearing in this matter will be granted absent extraordinary circumstances." On February 19, 2016, the Court set a schedule for the filing of briefs and the deposition of Shalonda Cogdell. Petitioner, however, did not file any briefs or depose Shalonda Cogdell.

        Less than two weeks before the scheduled evidentiary hearing, petitioner now moves to continue the evidentiary hearing again — indeed, for a sixth time. In support of his motion, he represents that his counsel was ill and hospitalized in February and early March of

this year and continues to be limited in resuming his duties. On May 13, 2016, petitioner retained new counsel and seeks an extension for his counsel to "familiarize himself with the facts and the law at issue," file his brief specifying the request for sanctions and the Court's authority, and depose Shalonda Cogdell. Petitioner's explanation is unacceptable and falls far short of demonstrating extraordinary circumstances.

If petitioner's counsel was unable to proceed due to illness, the time to notify the Court has long since passed. The illness also does not excuse counsel's failure to file the brief contemplated in the Court's February 19, 2016 Order or to depose Ms. Cogdell. The Court notes that, during this time, petitioner's counsel has participated by telephone in numerous settlement conferences before Magistrate Judge Harvey. The Court urges the parties to continue those settlement discussions. Petitioner's decision to change counsel on the eve of the evidentiary hearing also does not qualify as extraordinary circumstances to justify postponing the hearing. Eighteen months now have passed since the Court entered its order to show cause. The evidentiary hearing will go forward on May 31, 2016 as scheduled unless the matter has been resolved by the parties. Magistrate Judge Harvey remains available to assist in a resolution.

For these reasons, it is hereby

ORDERED that petitioner's motion to continue the evidentiary hearing [Dkt. No. 2534] is DENIED; and it is

FURTHER ORDERED that petitioner's motion to expedite consideration of petitioner's motion to continue the evidentiary hearing [Dkt. No. 2535] is DENIED as moot.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 19, 2016